FLETCHER, Circuit Judge:
 

 Runnion appeals the district court’s af-firmance of the bankruptcy court’s discharge of the bankrupt Pedrazzini’s debt to Runnion. Jurisdiction is based on 28 U.S.C. § 1291. We affirm.
 

 Carl Pedrazzini, a swimming pool contractor, contracted with Runnion to build a swimming pool on Runnion’s property.
 
 [1]
 
 The contract provided for progress payments to be made as the work was completed.
 

 On May 23, 1974, Pedrazzini’s superintendent called Runnion demanding that the final progress payment be made as a condition to further work. Runnion sent his check for the progress payment. A few days later, Runnion learned from one of Pedrazzini’s subcontractors that Pedrazzini was having trouble paying his bills. Runn-ion called the superintendent, who assured him that there was no problem.
 

 Pedrazzini declared bankruptcy shortly afterwards. Two subcontractors filed mechanic’s liens against Runnion’s property. Runnion settled those claims and paid to have the pool completed, at a cost approximating the amount of the last progress payment.
 

 In the bankruptcy court, Runnion unsuccessfully sought ■ to bar the discharge of Pedrazzini’s contractual obligations. Runn-ion relied on Bankruptcy Act section 17a(2), former 11 U.S.C. § 35(a)(2) (1976) (current version at 11 U.S.C. § 523(a)(2) (Supp. Ill 1979)), which prohibits the discharge of “liabilities for obtaining money or property by false pretenses or false representation,” and on Bankruptcy Act section 17a(4), former 11 U.S.C. § 35(a)(4) (1976) (current version at 11 U.S.C. § 523(a)(4) (Supp. Ill 1979)), which prohibits discharge for liabilities “created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity.”
 

 I
 

 Section 17a(2) will bar discharge only where the bankrupt had “actual knowledge of the falsity of a statement, or
 
 *758
 
 reckless disregard for its truth.”
 
 Houtman v. Mann (In Re Houtman),
 
 568 F.2d 651, 656 (9th Cir. 1978). The existence of scienter is a question of fact, not to be reversed on appeal unless clearly erroneous.
 
 Id.
 
 at 653. The bankruptcy judge found that Runnion had failed to show that Pedrazzini accepted the money knowing that he would be unable to perform his obligations under the contract. While the evidence adduced by Runnion shows that Pedrazzini was in financial difficulty, we cannot say that the bankruptcy judge was clearly in error in refusing to draw the requested inference.
 

 II
 

 Runnion argues that certain California statutes impose fiduciary responsibilities upon a general contractor, that Pedrazzini breached those responsibilities, and that discharge is prevented by section 17a(4). The statutes upon which he relies are Cal.Bus. & Prof.Code §§ 7108, 7108.5 (West 1975 & Supp.1979), which prescribe disciplinary action for a contractor who diverts funds intended for completion of a project or portion of a project, and for a contractor who fails to pay subcontractors within ten days of the receipt of a progress payment. In addition, the California Penal Code makes criminal the receipt of
 

 money for the purpose of obtaining or paying for services, labor, materials or equipment and [the willful failure] to apply such money for such purpose by either willfully failing to complete the improvements for which funds were provided or [the willful failure] to pay for services, labor, materials, or equipment provided incident to such construction, and [the wrongful diversion of] the funds to a use other than that for which the funds were received ....
 

 Cal.Penal Code § 484b (West Supp.1979).
 

 Several recent cases have discussed whether section 17a(4) prevents the discharge of a general contractor’s debt to the owner when the general contractor has diverted payments intended to go to the subcontractor.
 
 See, e. g., Angelle v. Reed (In Re Angelle),
 
 610 F.2d 1335 (5th Cir. 1980), and cases cited therein. The question in all of these cases is whether a trust relationship is established in this situation. While the meaning of “fiduciary” in section 17a(4) is an issue of federal law, state law, within limits, will be recognized:
 

 [T]he scope of the concept fiduciary under § 17a(4) is a question of federal law. The Supreme Court has repeatedly made clear that the concept is limited to technical trusts....
 

 On the other hand, state law takes on importance in determining when a trust exists. The state may impose trust-like obligations on those entering into certain kinds of contracts, and these obligations may make a contracting party a trustee.
 

 In Re Angelle,
 
 610 F.2d at 1341. The core requirements are that the relationship exhibit characteristics of the traditional trust relationship, and that the fiduciary duties be created before the act of wrongdoing and not as a result of the act of wrongdoing.
 
 Schlecht v. Thornton (In Re Thornton),
 
 544 F.2d 1005, 1007 (9th Cir. 1976).
 
 [2]
 
 
 *759
 
 Thus, constructive or resulting trusts are excluded.
 

 With one exception, all of the courts that have dealt with statutes imposing criminal or other penalties for this kind of diversion of funds have refused to find a trust relationship. The rationale is that even if a trust is created by such a statute, the trust arises only upon the act of misappropriation and cannot be said to exist prior to the wrong and without reference to it..
 
 In Re Angelle,
 
 610 F.2d at 1340;
 
 In Re Thornton,
 
 544 F.2d at 1007.
 
 See also Devaney v. Dloogoff (In Re Dloogoff),
 
 600 F.2d 166 (8th Cir. 1979). The exception is
 
 Allen v. Romero (In Re Romero),
 
 535 F.2d 618 (10th Cir. 1976), where the Tenth Circuit construed a New Mexico statute providing for revocation of a contractor’s license if funds advanced by the owners for completion of the contract were used for other purposes. The court reasoned that because the contractor had to obtain a license prior to any dealing between the contracting parties, the trust was created prior to the claim of misappropriation. 535 F.2d at 622.
 

 We agree with the Fifth Circuit’s criticism of
 
 In Re Romero. See In Re An-gelle,
 
 610 F.2d at 1340. The statutes relied on in
 
 Romero,
 
 like the California statutes relied on by appellant here, operate only after an act of wrongdoing has occurred. The California statutes do not create the basic elements of a trust. No res is defined and no fiduciary duties are spelled out. Therefore, the statutes do not create a true fiduciary relationship between the parties. For examples of statutes that do create true fiduciary relationships in the owner-contractor-subcontractor context, see the statutes referred to in
 
 Carey Lumber Co. v. Bell,
 
 615 F.2d 370, 374 (5th Cir. 1980), and
 
 Besroi Constr. Corp. v. Kawczynski, (In Re Kawczynski),
 
 442 F.Supp. 413, 417 (W.D.N.Y.1977).
 

 The district court’s order and the bankruptcy court’s judgment are AFFIRMED.
 

 [1]
 

 . Camille Pedrazzini was a party to this action only by virtue of her marital relationship to Carl and her interest in the couple’s community property. The bankruptcy court granted her motion under Fed.R.Civ.P. 41(b) and Bankruptcy Rule 741 to dismiss the complaint against her for failure to prosecute, and the district court affirmed. Runnion does not appeal this decision.
 

 [2]
 

 . The following language in
 
 In Re Thornton
 
 has given rise to confusion as to whether “fiduciary” in section 17a(4) may extend beyond a
 
 consensual
 
 trust, to a trust created by
 
 statute:
 

 The term “fiduciary” under this section has been consistently construed as limited to express trusts and not trusts imposed
 
 ex male-ficio
 
 — that is, trusts imposed because of an act of wrongdoing out of which the debt arose — or to trusts implied by law from contracts.
 

 The general characteristics of an express trust are 1) sufficient words to create a trust; 2) a definite subject; and 3) a certain and ascertained object or res. The intent to create a trust relationship rather than a contractual relationship is the key element in determining the existence of an express trust.
 

 544 F.2d 1005, 1007 (emphasis in original) (citations deleted).
 
 See Carey Lumber Co. v. Bell,
 
 615 F.2d 370, 374 (5th Cir. 1980);
 
 In Re An-gelle,
 
 610 F.2d at 1340 n.9;
 
 Besroi Constr. Corp. v. Kawczynski (In Re Kawczynski),
 
 442 F.Supp. 413, 416 (W.D.N.Y.1977).
 

 We agree with the courts in these cases that
 
 Thornton
 
 does not preclude the recognition under section 17a(4) of statutory trusts. The precise manner in which a trust is created, by consent or by statute, is of little importance. Rather, the focus should be on whether true fiduciary responsibilities have been imposed.