FLETCHER, Circuit Judge:
 

 This is an appeal from a district court order affirming a bankruptcy court judgment in favor óf Vance L. Ragsdale against defendant-appellant John Frederick Haller, awarding Ragsdale $31,000.00 plus interest and declaring that judgment to be non-dis-chargeable in bankruptcy. Haller claims that both courts below erred in finding the judgment nondischargeable. We disagree and affirm the district court.
 

 FACTS
 

 Haller and Ragsdale cooperated in an annual Alaskan salmon fishing enterprise. They owned a boat together and agreed to split profits evenly after expenses.
 

 During the first two years of the enterprise, the two men operated with a leased fishing permit. Haller then obtained a permit himself which they used during the two subsequent fishing seasons. Because the permit was registered in Haller’s name, all payments for fish were made to him and he had control over the funds of the operation.
 

 Because the enterprise had been charged 10% of gross for use of the leased permit, Ragsdale assumed that Haller would charge the same amount. Haller apparently intended to charge 25% of gross. The bankruptcy court found that the proper allocation for the permit was 10%, and that Haller had not reached a settlement with Ragsdale in advance of the fishing seasons in question that would justify his receiving a higher amount.
 

 For the third season the enterprise operated, Ragsdale received $5,100 as his share of the profits. He claims he knew he was entitled to more, and demanded it on several occasions. The bankruptcy court found that Haller had not disclosed bonus payments received for that season, and (calculating on the basis of 10% payment for the permit) Ragsdale was owed an additional $8,000.00 for that year.
 

 There was some disagreement between the parties before the fourth season commenced as to the financial arrangements for that year. At the end of the season, Ragsdale was given $10,000 as his share. He objected, and filed a state court action. The bankruptcy court found that Ragsdale was owed $23,000 for that season (again calculating the permit at 10%) and that Haller again had failed to disclose bonuses.
 

 Haller filed a joint voluntary petition for relief under 11 U.S.C., Chapter 7 with his wife (not a party to this action). Ragsdale filed a complaint to determine discharge-ability. After trial on the merits, the bankruptcy court found for Ragsdale, and found the debts to be nondischargeable. Though Ragsdale had claimed nondischargeability under both 11 U.S.C. § 523(a)(2)(A) (Supp. 1985) and § 523(a)(4) (1979), the court decided the case only under the latter statute. The district court affirmed and Haller timely appeals.
 

 STANDARD OF REVIEW
 

 Because this court is in as good a position as the district court to review the findings of the bankruptcy court, it independently reviews the bankruptcy court’s decision.
 
 Pizza of Hawaii, Inc. v. Skakey’s, Inc. (Matter of Pizza of Hawaii, Inc.),
 
 761 F.2d 1374, 1377 (9th Cir.1985). This court reviews the bankruptcy court’s findings of fact under the clearly erroneous standard and its conclusions of law
 
 de novo. Id.
 
 Because the issue of whether a relationship is “fiduciary” within the meaning of 11 U.S.C. § 523(a)(4) is a question of federal law,
 
 Runnion v. Pedrazzini (In re Pedrazzini),
 
 644 F.2d 756, 758 (9th Cir.1981), it is reviewed
 
 de novo.
 

 CALIFORNIA PARTNERS AS FIDUCIARIES UNDER § 523(a)(4)
 

 11 U.S.C. § 523(a)(4) provides that debts that arise from “fraud or defalcation while [the debtor was] acting in a fiduciary capacity, embezzlement or larceny,” are non-
 
 *796
 
 dischargeable. 11 U.S.C.A. § 523(a)(4) (1979).
 
 [1]
 

 The meaning of “fiduciary” in § 523(a)(4) is an issue of federal law.
 
 See Davis v. Aetna Acceptance Co.,
 
 293 U.S. 328, 333, 55 S.Ct. 151, 153-54, 79 L.Ed. 393 (1934);
 
 Pedrazzini,
 
 644 F.2d at 758. The broad, general definition of fiduciary — a relationship involving confidence, trust and good faith — is inapplicable in the discharge-ability context.
 
 See Angelle v. Reed {In re Angelle),
 
 610 F.2d 1335, 1338-39 (5th Cir. 1980). The trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing; the debtor must have been a “trustee” before the wrong and without reference to it.
 
 Davis,
 
 293 U.S. at 333, 55 S.Ct. at 153-54;
 
 Pedrazzini,
 
 644 F.2d at 758. These requirements eliminate constructive, resulting or implied trusts.
 
 Pedrazzini,
 
 644 F.2d at 759.
 

 Although the concept of fiduciary is to be narrowly defined as a matter of federal law, state law is to be consulted to determine when a trust in this strict sense exists.
 
 Id.
 
 at 758. Ragsdale asserts that all California partners are fiduciaries, pointing to Cal.Corp.Code § 15021 (West 1977) and to a string of court decisions. § 15021(1) provides:
 

 Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.
 

 He claims that the words “hold as trustee” establish an express trust, that all partners are trustees for the rest of the partnership, and that a partner is therefore a fiduciary within the meaning of the act. However, under this statute, the trust arises only when the partner derives profits without consent of the partnership; it is the sort of trust
 
 ex maleficio
 
 not included within the purview of § 523(a)(4).
 
 See Davis,
 
 293 U.S. at 333, 55 S.Ct. at 153-54;
 
 Teichman v. Teichman (In re Teichman),
 
 774 F.2d 1395, 1399 (9th Cir.1985).
 
 But see Holmes v. Kraus (In re Kraus),
 
 37 B.R. 126, 130 (Bkcy E.D.Mich.1984) (holding that partners are fiduciaries for the purpose of § 523(a)(4) relying on Michigan statute with identical language).
 

 California courts, however, have raised the duties of partners beyond those required by the literal wording of § 15021. In California,
 

 [p]artners are trustees for each other, and in all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his co-partner and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind.
 

 Leff v. Gunter,
 
 33 Cal.3d 508, 514, 658 P.2d 740, 744, 189 Cal.Rptr. 377, 381 (1983) (quoting
 
 Page v. Page,
 
 55 Cal.2d 192, 197, 10 Cal.Rptr. 643, 359 P.2d 41 (1961)).
 
 See also
 
 6 Witkin,
 
 Summary of California Law
 
 4279 (8th ed. 1973). 68 C.J.S. Partnership § 76 & n. 34 (relationship of trust held to exist between partners in California without reference to statute (1950 & 1985 Supp.)
 
 [2]
 
 This is more than just a fiduciary relationship created in response to some wrongdoing; California has made all partners trustees over the assets of the partnership. Accordingly, we hold that Califor
 
 *797
 
 nia partners
 
 [3]
 
 are fiduciaries within the meaning of § 523(a)(4)
 
 [4]
 
 and that Haller’s debt to Ragsdale is non-dischargeable.
 

 The two cases relied on in the bankruptcy and district courts support our holding.
 
 Haddad v. Haddad (In re Haddad),
 
 21 B.R. 421 (Bkcy.App. 9th Cir.1982) involved a surviving partner’s failure to disclose the existence of partnership funds to his deceased partner’s widow. The bankruptcy appeals panel found the debt nondischargeable under the fraud provision, § 523(a)(2). 21 B.R. at 424. It held that a partner was a fiduciary for the purpose of finding a fraudulent non-disclosure, and cited § 15021 as well as California case law. 21 B.R. at 423-24.
 

 The other case,
 
 Inahara v. Harris (In re Harris),
 
 458 F.Supp. 238 (D.Or.1976)
 
 aff'd
 
 587 F.2d 451 (9th Cir.1978),
 
 cert. denied
 
 442 U.S. 918, 99 S.Ct. 2840, 61 L.Ed.2d 285 (1979), found a debt non-dischargeable under the predecessors to both § 523(a)(2) and (a)(4). In
 
 Harris,
 
 the debtor was a real estate broker who managed a partnership that purchased real property on which his company held a listing. The broker did not disclose either the involvement of his company or the profits that it received from the transaction. The Oregon Supreme Court had held his action a violation of his fiduciary duty.
 
 See Starr v. International Realty,
 
 271 Or. 396, 403, 533 P.2d 165, 168 (1975)
 
 cited in Harris,
 
 458 F.Supp. at 240-41. The
 
 Harris
 
 court specifically held that this was a breach of fiduciary obligation within the meaning of the non-dis-chargeability statute. 458 F.Supp. at 243.
 

 While neither
 
 Harris
 
 or
 
 Haddad
 
 is precisely on point
 
 (Harris
 
 involved Oregon law;
 
 Haddad
 
 concerned § 523(a)(2)), both support the conclusion we reach today. If state law makes clear that a partner necessarily is a trustee over partnership assets for all purposes, then that partner is a fiduciary within the narrow meaning of § 523(a)(4). As the
 
 Harris
 
 court noted, the purpose of the Bankruptcy Act is to grant a discharge of honest debts to honest debtors, not to grant discharges to those who have dishonestly misappropriated funds entrusted to them. 458 F.Supp. at 243.
 

 AFFIRMED.
 

 [1]
 

 . Though many of the cases cited
 
 infra
 
 refer to old Bankruptcy Act § 17 (former 11 U.S.C. § 35), as the relevant provisions are practically identical, the case law construing the old statute should be followed in interpreting the new.
 
 See Teamsters Local 533 v. Schultz (In re
 
 Schultz), 46 B.R. 880, 884 n. 3 (Bankr.D.Nev.1985). 3 Collier on Bankruptcy ¶ 523.14 (15th ed. 1984).
 

 [2]
 

 . In addition, there are a string of California cases that hold that partners are fiduciaries using similar language.
 
 See, e.g., Vai v. Bank of America National Trust & Savings Assn.,
 
 56 Cal.2d 329, 364 P.2d 247, 253, 15 Cal.Rptr. 71, 77 (1961);
 
 Laux v. Freed,
 
 53 Cal.2d 512, 348 P.2d 873, 878, 2 Cal.Rptr. 265, 270 (1960);
 
 Nelson v. Abraham,
 
 29 Cal.2d 745, 177 P.2d 931, 934 (1947);
 
 Bastjian v. Bastjian,
 
 215 Cal. 662, 12 P.2d 627, 630 (1932);
 
 Llewellyn v. Levi,
 
 157 Cal. 31, 106 P. 219, 221 (1909).
 

 [3]
 

 . The bankruptcy court never determined whether the enterprise in question here was a partnership or a joint venture. However, that determination would not affect our outcome; joint ventures have the same responsibilities as partners.
 
 Leff,
 
 33 Cal.3d at 514, 658 P.2d 740, 189 Cal.Rptr. at 381. 6 Witkin
 
 Summary of California Law
 
 4270 (8th ed. 1973).
 

 [4]
 

 . There are cases that hold that partners are not fiduciaries for the purposes of § 523(a)(4).
 
 See
 
 3 Collier on Bankruptcy ¶ 523.14 n. 12 (15th ed. 1979). None of these interpreted California law, however, and, in any event, none of them are binding on this court.