In re Alice Mae JONES, Debtor.

URBANA UNIVERSITY, Plaintiff,

v.

Alice Mae JONES, Defendant.

Bankruptcy No. 1–86–03708.
Adv. No. 1–87–0017.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 10, 1987.

Robert A. Goering, Cincinnati, Ohio, for defendant.

James A. Dunn, Dayton, Ohio, for plaintiff.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiff in its complaint alleges that it is a creditor of defendant and that defendant attended plaintiff university. The complaint alleges that defendant "promised to pay for such services and to assign to Plaintiff the anticipated proceeds of her Veterans' Administration educational benefits." It is alleged further that defendant received educational benefits, but has not paid for them, nor has defendant assigned to plaintiff the proceeds of her Veterans' Administration benefits. Plaintiff alleges that a constructive trust arose with regard to the Veterans' Administration educational benefits, and defendant's failure to assign the corpus of the trust to plaintiff constitutes a defalcation of a fiduciary, so that the ground specified at 11 U.S.C. § 523(a)(4) provides a basis for a holding of nondischargeability of defendant's debt to plaintiff, said to be in the amount of $2,916.93. Finally, it is alleged that plaintiff has a judgment against defendant in the stated amount from a state court. Defendant filed an answer. Thereafter, defendant filed a motion for summary judgment which is the matter with which we here deal.

■ The motion for summary judgment states as its specific ground that the claim asserted in the complaint is barred by the

statute of limitations to be found at Ohio R.C. § 2305.09(C). In support of her motion, defendant filed an affidavit. Therein, she says that she attended plaintiff in 1976, that the Veterans' Administration benefits in question were paid to her for living expenses and costs while in college, and that in 1976 and 1977 she advised plaintiff that the money had been so used. She says further in her affidavit that "she signed no agreement nor entered into any trust arrangement with Urbana University relative to payment of any funds received from the Veterans' Administration." In her memorandum in support of her motion, defendant refers to Ohio R.C. § 2305.09(C) which provides for a four-year statute of limitations for grounds of fraud, and the statute expressly says that the statute begins to run when the fraud is discovered. Plaintiff responds to the motion with the assertion that what is stated in the complaint is not a claim for fraud, but something different, defalcation by a fiduciary. Neither party has offered any authority or legal analysis to support its position on this point, whether a fraud statute of limitations should apply to a case brought on the theory of defalcation of a fiduciary, and we are not persuaded that defendant's position is correct in the absence of supporting authority. To be entitled to summary judgment relief pursuant to F.R.Civ.P. 56, the moving party must show that it is entitled to judgment as a matter of law. The burden is thus placed upon defendant here to establish the applicability of the statute of limitations upon which she relies. Having failed to carry that burden, defendant's motion cannot be granted on the basis on which it is submitted.

In their respective briefing, the parties devote considerable attention to whether or not a constructive trust was created with respect to Veterans' Administration benefits to which defendant became entitled. The relevance of this consideration is that it is with respect to her duties as a fiduciary of such an alleged trust that plaintiff seeks relief in its complaint. But assuming arguendo that a constructive trust was created with respect to the Veterans' Administration benefits received by defendant, the position argued for by plaintiff, the law on nondischargeability of debts is very clear on the subject. A constructive trust is insufficient to support a cause of action for defalcation of a fiduciary; there must be an express trust. We had occasion to examine this question in *In re Jennings*, Adversary No. 1–82–0493, Decision and Order Denying Motion for Summary Judgment entered September 13, 1984 (Bankr.S.D. Ohio W.D.1984). There we said:

> A general statement of the relevant governing legal criteria may be found in a recent Sixth Circuit case, *In re Johnson*, 691 F.2d 249 (6th Cir.1982). (While in the *Johnson* case the Sixth Circuit was discussing section 17(a)(4) of the Bankruptcy Act of 1898, there can be no doubt that the discussion is authoritative as well with respect to section 523(a)(4) of the Bankruptcy Code.) In the *Johnson* case, the court said at p. 251:

> > A debt created while acting in a fiduciary capacity is a special debt, created by a breach of trust obligations defined by law, and is separate and distinct from any underlying contractual debt which arises from a bankrupt's agreement with respect to goods or services. 11 U.S.C. § 35(a)(4) (1976); *Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980); *Clarke & Rapuano, Inc. v. Morris Ketchum, Jr. and Associates (In re Morris Ketchum, Jr.)*, 409 F.Supp. 743, 745 (S.D.N.Y. 1975). The question of who is a fiduciary for purposes of section 17(a)(4) is one of federal law, although state law is important in determining when a trust relationship exists. *Pedrazzini v. Runnion (In re Pedrazzini)*, 644 F.2d 756, 758 (9th Cir.1981); *Angelle v. Reed (Matter of Angelle)*, 610 F.2d 1335, 1341 (5th Cir.1980). The term "fiduciary" applies only to express or technical trusts and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *Chapman v. Forsyth*, 43 U.S. (2 How.)

202, 207, 11 L.Ed. 236 (1844). Moreover, the requisite trust relationship must exist prior to the act creating the debt and without reference to it. *Davis, supra* [293 U.S.] at 333–34, 55 S.Ct. at 153–54. State statutes which impose a trust ex maleficio are not within the scope of section 17(a)(4) since such trusts only arise upon an act of misappropriation. *Id.; Pedrazzini, supra,* at 759. *Angelle, supra,* at 1340; *Schlecht v. Thornton (In re Thornton*), 544 F.2d 1005, 1007 (9th Cir.1976). See also, *Devaney v. Dloogoff (In re Dloogoff*), 600 F.2d 166 (8th Cir.1979). *Contra, Allen v. Romero (In re Romero*), 535 F.2d 618 (10th Cir.1976).

In the *Johnson* case, the court found that there was the requisite trust for bankruptcy dischargeability purposes, holding that a trust imposed by statute on a contract or for the benefit of laborers and materialmen, etc., satisfies the trust requirement of the bankruptcy statute.

 In *Jennings,* we denied the motion for summary judgment, finding that the fiduciary relationship arising from a partnership contract cannot serve to found a claim for defalcation of a fiduciary under § 523(a)(4). The same is true in the case before us where the claim is based only upon a promise by defendant in respect to specific funds as to which clearly there was no "express or technical trust". There was only, at best, an implied trust such as would be imposed on a transaction by operation of law as a matter of equity. Nor did any trust relationship exist prior to the act creating the debt and without reference to it.

It will be apparent from the foregoing discussion that while defendant is not entitled to summary judgment on the ground for which it brought its motion, the court must, in the name of judicial economy, grant judgment against plaintiff where it is apparent that its claim is not meritorious.

In closing, we note that in its complaint, plaintiff makes reference to a judgment obtained on its debt. Defendant asserts that the judgment was one by default. For bankruptcy purposes, it is immaterial that plaintiff holds a judgment against defendant, unless that creditor is entitled to resort to doctrines of collateral estoppel or res judicata. The creditor, however, is not entitled to do so unless its claim was actually litigated in the state court. *Spilman v. Harley,* 656 F.2d 224 (6th Cir. 1981). That there was actual litigation in the state court has not been shown.

Accordingly, judgment dismissing the complaint will be entered.