In re Jay David BARBER a/k/a Specialty Refrigeration, Debtor.

AMERICAN FACTORING CORP., Plaintiff,

v.

Jay David BARBER a/k/a Specialty Refrigeration, Defendant.

Bankruptcy No. 88–1838–8P7.
Adv. No. 88–228.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 28, 1989.

Patrick A. Carey, Tampa, Fla., Golson & Carey, P.A., for plaintiff.

Daniel A. Medeiros, Clearwater, Fla., Treuhaft & Medeiros, P.A., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability vel non of a debt allegedly due and owing by Jay David Barber (Debtor) to American Factoring Corporation (American Factoring), the Plaintiff who instituted this adversary proceeding. The Amended Complaint filed by American Factoring sets forth a claim of nondischargeability in four counts. The claim in Count I is based on the allegation that the Debtor personally guaranteed a certain factoring contract entered into between Specialty Refrigeration, a Florida corporation, and American Factoring (Plaintiff's Exhibit # 1); that pursuant to that contract, American Factoring purchased from Specialty Refrigeration certain specific accounts receivable; that the Debtor, in violation of the agreement, collected some of the accounts and fraudulently retained the monies received and, therefore, according to American Factoring, the Debtor obtained monies by actual fraud and embezzlement or larceny and the debt owed to American Factoring should be declared to be nondischargeable based on Sections 523(a)(2)(A) or 523(a)(4) of the Bankruptcy Code.

The claim set forth in Count II is based on the allegation that the Debtor acted in a fiduciary capacity and his failure to remit the funds collected, constituted defalcation

by the Debtor while acting in a fiduciary capacity therefore the debt owed by the Debtor should be declared to be nondischargeable pursuant to Section 523(a)(4).

The claim set forth in Count III alleges that among the accounts sold to American Factoring the Debtor submitted receivables which were non-existent and fraudulent and, therefore, the Debtor obtained money by false pretenses which, in turn, would render the debt nondischargeable pursuant to Section 523(a)(2)(A).

■ Count IV contains merely a recital of certain assumptions and states that American Factoring, only upon completion of discovery, will be able to determine what part of the accounts sold would be false or non-existent accounts. Based on this, the prayer for relief in Count IV is not really a prayer for relief but is asking for permission to conduct discovery which is, of course, not a proper claim for relief inasmuch as all litigants have an absolute right to conduct discovery in a pending lawsuit and do not need an order by this Court allowing a litigant to use the discovery available under the Rules of Procedure.

The evidence presented at the final evidentiary hearing established the following relevant facts:

At the time relevant to this controversy, the Debtor was a principal of a corporation known as Specialty Refrigeration, Inc., a corporation engaged in the service and repair of air conditioning and refrigeration equipment in general. On September 30, 1987, the Debtor, on behalf of Specialty Refrigeration, entered into a factoring agreement with American Factoring. The agreement was signed by the Debtor as President and also by Hirman Sherman Wylie, Vice President and Bruce E. Gould, Secretary/Treasurer. The agreement was also guaranteed by the Debtor, and Hiram Sherman Wylie and Bruce Gould, the other officers of Specialty Refrigeration. The agreement covered one year period during which American Factoring agreed to pay to Specialty Refrigeration 92% of the face amount of the invoice on the following terms: 80% at the time of the purchase of the accounts receivable and 12% at the time the account is collected in full. Pursuant to the agreement, Specialty Refrigeration did sell to American Factoring certain specified accounts receivable in the amount of $54,168.61. Under the contract it was the responsibility of American Factoring to collect the accounts and the payments were to be made directly to American Factoring and all account debtors were notified of the sale of their accounts. Notwithstanding, it appears that some accounts were collected by Specialty Refrigeration. However, it appears that Specialty Refrigeration did in fact turn those funds over to American Factoring. It appears that the last two invoices which were sold to American Factoring, one involving an account allegedly due from Illinois Range Company and the other from an individual named S. Abbott, the amounts were disputed as not due and owing. There is no evidence in this record to what extent the Debtor was involved in this transaction and this record is totally devoid of any evidence that he personally obtained any funds or used any of the funds for his own personal benefit.

■ Basically these are the salient facts upon which American Factoring claims it is entitled to the relief set forth in its four count Complaint.

Section 523 provides in pertinent part:
**Section 523. Exceptions to discharge.**
(a) A discharge under section 727, 1141 [or 1328(b)], 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition—
(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The majority of courts hold that the appropriate measure of proof in dischargeability proceedings is the clear and convincing standard in light of the strong underlying policy of the Bankruptcy Code of fos-

tering a fresh start to debtors unhampered by the pressures and discouragement of pre-petition debt. See *In re Billings*, 94 B.R. 803 (E.D.N.Y.1989). In keeping with this policy, the exceptions to discharge set out in Section 523 of the Bankruptcy Code are construed narrowly against the creditor and in favor of the Debtor. See *In the Matter of Bonanza Import and Export, Inc.*, 43 B.R. 577 (S.D.Fla.1984). Thus, the Plaintiff must establish each element of his claim of nondischargeability by clear and convincing evidence. *In re Posta*, 866 F.2d 364 (10th Cir.1989).

 Applying the foregoing legal principles to the facts of this case, this Court is satisfied that any claim by American Factoring that this individual Debtor obtained money or property from American Factoring by misrepresentations or fraud is not supported by the requisite degree of proof. Equally there is no evidence in this record that this Debtor embezzled any funds nor that he was a fiduciary.

It is well established that Section 523(a)(4) does not extend to trusts imposed ex maleficio, that is, trusts imposed because of an act of wrongdoing out of which the debt arose. A fiduciary relationship must exist from the onset of the relationship between the parties. *In re Angelle*, 610 F.2d 1335 (5th Cir.1980). Although the definition of fiduciary under Section 523(a)(4) is a matter of federal law, the Court must consult applicable state law in determining whether the type of trust relationship contemplated by Section 523(a)(4) exists. *Ragsdale v. Haller*, 780 F.2d 794 (9th Cir.1986). In this connection, this Court is satisfied that this was a pure commercial transaction and there was no technical trust established between this Debtor and American Factoring at the time Specialty Refrigeration entered into the factoring agreement. A trust relationship or fiduciary capacity cannot be established as a result of an alleged wrong doing but must be based on a contractual arrangement establishing a technical trust. *In re Angelle, supra; In re Dloogoff*, 600 F.2d 166 (8th Cir.1979). The evidence presented in support of the claim set forth in Count

III equally falls far short of the degree of proof required to establish a viable claim under Section 523(a)(2)(A).

Lastly, as noted earlier, Count IV does not really set forth any claim for relief and for this reason it is unnecessary to state a ruling on same.

A separate final judgment shall be entered in accordance with the foregoing.