In re Kenneth P. ZRUBEK, Debtor.

Viann ZRUBEK, Plaintiff,

v.

Kenneth P. ZRUBEK, Defendant.

Bankruptcy No. 92–40975–7.
Adv. No. 92/00126.

United States Bankruptcy Court,
D. Montana.

Jan. 14, 1993.

---

Robert G. Drummond, Marra, Wenz, Johnson & Hopkins, P.C., Great Falls, MT, for plaintiff.

Fausto G. Turrin, Great Falls, MT, for debtor.

### ORDER

JOHN L. PETERSON, Judge.

In this adversary proceeding, Plaintiff Viann Zrubek, Debtor's former spouse, seeks a judgment against the Debtor/Defendant that payment from the Debtor's military pension is a non-dischargeable debt under 11 U.S.C. § 523(a)(5), as being in the nature of support and a post-petition obligation. After answer, trial of this matter was held on December 3, 1992. Briefs have been filed by the respective parties so the matter is ripe for decision.

The parties were divorced on June 28, 1988. The state court Findings of Fact and Conclusions of Law provide, inter alia, that neither party be required to pay spousal maintenance to the other. At the time of the divorce, the Plaintiff was earning gross monthly income of $1,240, receiving rental payments of $500 per month and had monthly living expenses of $1,500 per month. The Debtor/Defendant's monthly income included a military pension of $1,160 per month and net profit from an auto repair business of $500 against expenses of $1,700 per month. Among the provisions dividing the marital estate is the following:

12. The parties were married for six years during Kenneth's 22 year Marine career. The Court finds that Viann contributed to Kenneth's military career during said six years and that 6/22nds of Kenneth's gross monthly retirement payments should be considered a marital asset with Viann entitled to receive 1/2 thereof, or 13.6%. With Kenneth receiving a present gross monthly military pension of $1,160, Viann's portion of same would be 13.6% or $157.76. Viann would be entitled to 13.6% of all future gross military retirement payments that Kenneth will receive including any future cost of living increases to said retirement payments. Kenneth cannot obtain a lump sum payment of his military retirement and said retirement payments will cease upon Kenneth's death. The above percentage division of said retirement payments is the most equitable way of dividing said asset.

After listing each item of the marital estate, the state court equitably divided the estate by awarding the Debtor property valued at $121,242.01 and granting Plaintiff, Viann, property valued at $117,963.01, plus "Viann will also receive 13.6% of Kenneth's military pension." Debtor failed to pay such amount to the Plaintiff, which resulted in two separate orders dated September 10, 1991. The first order found the delinquent payments at $2,078.74, and directed payment of that sum within ten

days. The other order directed the Defense Finance and Accounting Service to pay 13.6% of the gross monthly military pension directly to Viann. However, the evidence shows the latter order was to no avail since 10 U.S.C. § 1408(d)(2) prohibits direct payments to Viann since the parties were not married for a period of ten years.[1] The Debtor filed a Chapter 7 bankruptcy petition on June 19, 1992. By that date, the delinquent payments totalled $3,739.41.

The Plaintiff, Viann, argues each payment falling due after the petition date is a post-petition debt which is not dischargeable under the authority of *In re Teichman*, 774 F.2d 1395 (9th Cir.1985). As to the pre-petition debt, Viann contends such debt is non-dischargeable under 11 U.S.C. § 523(a)(4)[2] on the grounds the Debtor was a fiduciary under a constructive trust and defalcated in the payments of trust funds. By contrast, the Debtor argues the obligation to remit a portion of military pension is part of the property settlement between the parties, and dischargeable under the authority of *Bush v. Taylor*, 893 F.2d 962 (8th Cir.1990). Further, the Debtor argues that under *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), military retirement benefits are in fact reduced compensation for reduced current services, and are thus wages, which are not an asset of the Debtor's estate. Finally, the Debtor argues the state court erred in awarding a percentage of the gross pension benefit since under 10 U.S.C. § 1408 only the "disposable retired pay or retainer pay" may be used as a basis to calculate the amount of the award. As to this latter argument, I reject it on the basis that the District Court award is *res judicata* between the parties, so that this Court is without jurisdiction to re-write the state court decree. Any relief on the basis of 10 U.S.C. § 1408 should have been properly addressed to the state court. *Fiscus v. Beartooth Elec. Cooperative, Inc.*, 180 Mont. 434, 436, 591 P.2d 196, 197 (1979) (Judgment reduced on its merit is an absolute bar to a subsequent action between same parties). As to the Debtor's reliance on *McCarty*, supra, the Federal Uniform Services Former Spouses' Protection Act (FUSFSPA), 10 U.S.C. § 1408, was enacted to reverse the holding of *McCarty*. *Steel v. U.S.*, 813 F.2d 1545, 1548 (9th Cir.1987) explains:

> Congress enacted that law [FUSFSPA] to reverse the Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (citing legislative history). The court held in *McCarty* that federal law preempted a spouse's community property interest in federal retirement benefits. *See* 453 U.S. at 235, 101 S.Ct. at 2742. Subsection 1408(c)(1) of Title 10 specifically overrides the decision in *McCarty* and authorizes courts to treat retirement benefits as community or separate property in accord with the law of the applicable state.

Debtor's reliance on *McCarty* is likewise without merit. The District Court properly exercised its jurisdiction to divide the marital estate, which includes the pension benefits. Those benefits are not wages under 10 U.S.C. § 1408(c)(1), so that the wage exception to property of the estate, § 541(a)(6), is not applicable. *See, also, In re FitzSimmons*, 725 F.2d 1208, 1211 (9th Cir.1984) (holding § 541(a)(6) excepts from property of the estate only those earnings generated by services personally performed by the individual debtor). Pension benefits are not earnings.[3]

---

1. In *Manners v. Manners*, 62 B.R. 656 (Bankr. Mont.1986), this Court held that where military pension payments were being made directly to the former spouse, by the government, the pension benefits were her sole and separate property, and were thus not a debt as defined in Section 101(11), because the liability for payment rested with the United States, not the Debtor. *Id.* at 658. The attempt to discharge such obligation was thus rejected.

2. There is a variance between this statutory reference and Plaintiff's Complaint, which invokes § 523(a)(5). No objection has been raised by the Debtor, so the variance is deemed waived.

3. The Debtor raises no issue as to whether such pension benefits are exempt under Mont.Code Ann. § 31–2–106(3). Indeed, Schedule C—Property Claimed As Exempt in Debtor's Petition does not claim such exemption. *In re Peterson*, 106 B.R. 229, 230 (Bankr.Mont.1989) (A debtor

■ Plaintiff obviously now concedes that § 523(a)(5) has no validity to Plaintiff's claim of non-dischargeability. As in *Teichman*, 774 F.2d at 1398, I conclude the state court division of marital property was not alimony or maintenance excepted from discharge under § 523(a)(5). The decree is conclusive as to intention of the court and parties that the award was a property settlement. *Hellwitz v. Black (In re Black)*, 11 Mont. B.R. 24, 31 (Bankr.Mont.1992) (If the agreement between the parties clearly shows the parties intended the debt to reflect either support or a property settlement, then that agreement will normally control). The same is true of the Court's Findings of Fact, which, taken on its all fours, shows clearly the pension benefits were divided as part of the property settlement of the marital estate.

■ *Teichman*, as Ninth Circuit precedent, is nevertheless binding on this Court, as to the dischargeability of post-petition debts. *In re Conroy*, 110 B.R. 492, 498–99, Fn. 4 (Bankr.Mont.1990). *Teichman*, 774 F.2d at 1398, on such issue, holds:

> The husband is under no obligation to pay his former wife until the Air Force pays him; therefore, a debt does not arise under the Code until each payment is due. See 11 U.S.C. § 101(4), (11). Since the post-petition and prospective payments are not debts under the Code, they are not subject to discharge in this bankruptcy. 11 U.S.C. § 727(b).

By like token, the post-petition Marine pension payments due the Debtor are still subject to the state court divorce decree providing the Debtor shall pay to Viann 13.6% of each monthly payment. Such sum is not dischargeable. *Bush v. Taylor*, supra, is to the contrary, but I do not accept such decision as *Teichman* binds this Court.

■ As to the pre-petition debt of $3,739.41 being non-dischargeable under Section 523(a)(4), Viann contends such section does not discharge such debt because it is based on a "defalcation [by the debtor]

must actively claim an exemption or the exemption will not be effective).

while acting in a fiduciary capacity." *Teichman* holds:

> "Fiduciary capacity" as used in 523(a)(4) has consistently been construed as describing something created under an express trust, as opposed to a trust created *ex maleficio*, constructively imposed because of the act of wrongdoing from which the debt arises. *In re Pedrazzini*, 644 F.2d 756, 758 Ftn. 2 (9th Cir.1981); *In re Thornton*, 544 F.2d [1005] at 1007 [(9th Cir.1976)]; 3 *Collier on Bankruptcy* ¶ 523.14(c), at 523–99 (15th Ed. 1982). *Id.* at 1398.

This Court has followed such definition in *Yellowstone Valley Properties, et al. v. Eames (In re Eames)*, 108 B.R. 742, 745–746 (Bankr.Mont.1990). *Teichman* further teaches that whether a trust will be imposed in a bankruptcy proceeding is governed by state law. *Id.* at 1399. *Matter of Esgro, Inc.*, 645 F.2d 794, 797 (9th Cir. 1981). Debtor's brief does not cite or discuss any case authority on trusts or fiduciary. Viann cites Mont.Code Ann. § 72–33–219, defining a constructive trust as follows:

> A constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground that the person holding title would be unjustly enriched if he were permitted to retain it.

■ I find no element of an express trust in the divorce decree. As *Teichman* notes—

> "[A]s a general rule the exception to discharge in 11 U.S.C. § 523(a)(4) should not apply in connection with a property settlement agreement and a divorce decree."

Like express trusts described under California law in *Teichman*, 774 F.2d at 1399, Mont.Code Ann. §§ 72–33–201 through 207, require a trustor, an intention to create a trust, designation of trust property, a legal trust purpose and a designated beneficiary.[4] In addition, under Mont.Code Ann.

4. The 1989 Montana Trust Code was adopted from the California Probate Code Ann. (1987) section 15200, which in turn is drawn from Section 17 of the Restatement (Second) of

§ 72–33–601, a trustee must voluntarily accept the trust. None of those elements are found in the divorce decree. As *Teichman* notes at 774 F.2d at 1399—

"The agreement simply divided the former spouses' property."

So it is with the state court's Findings of Fact and Conclusions of Law. An express trust was not created.

 Further, under § 72–33–219, the constructive trust is imposed only after the Debtor has defaulted in the payment of Viann's share of the monthly pension benefit. *Teichman*, 774 F.2d at 1400 states:

"That section [523(a)(4)] requires the husband to have been acting in a fiduciary capacity at the time of the default. *Pedrazzini*, 644 F.2d at 758; *Thorton*, 544 F.2d at 1007; *Angelle [v. Reed]*, 610 F.2d [1335] at 1341. [ (5th Cir.1980) ]. He was not."

*Eames*, supra at 745, states the trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing; the Debtor must have been a "trustee" before the wrong and without reference to it. Under Montana trust law, a constructive trust is imposed as a result of a wrongdoing, after the wrongful act has occurred. *In re Marriage of Owen*, 244 Mont. 306, 797 P.2d 226, 228 (1990), discussing section 72–33–219, holds:

"The courts impose constructive trusts because of 'fraud, mistake, undue influence, the violation of a trust, or other wrongful acts' to work an equitable result. *In re the Marriage of Malquist*, (1988), 234 Mont. 419, 422, 763 P.2d 1116, 1118."

*Pedrazzini* explicitly holds:

"The rationale is that even if a trust is created by such statute, the trust arises only upon the act of misappropriation and cannot be said to exist prior to the wrong and without reference to it."

*Id.* at 759. That is why *Ragsdale v. Haller*, 780 F.2d 794 (9th Cir.1986), citing the above quote from *Pedrazzini*, states unequivocally:

Trusts (1957). Official Comments, Mont.Code Ann. (Annotations), Section 72–33–201, Vol. 6, p. 376 (1991). Thus, California case authorities

"These requirements eliminate constructive, resulting or implied trusts." *Id.* at 796.

Accordingly, the argument that Montana's Constructive Trust Statute, § 72–33–219, made the Debtor a "fiduciary" within the meaning of § 523(a)(4) is without merit. The pre-petition obligation due the Plaintiff arose by reason of nothing more than a breach of the divorce decree and such debt is now dischargeable under 727(a).

IT IS ORDERED Judgment shall be entered as follows:

1. For the Defendant, Kenneth P. Zrubek, and against the Plaintiff, Viann Zrubek, finding that the pre-petition debt of $3,739.41 is discharged under 11 U.S.C. § 727(a);

2. For the Plaintiff, Viann Zrubek, and against the Defendant, Kenneth P. Zrubek, finding all military pension payments made to the Defendant after June 19, 1992, are non-dischargeable under 11 U.S.C. § 727(b).

are very instructive on the interpretation of an express trust.