MEMORANDUM *
The Commissioner of the Kentucky Department of Insurance, Sharon P. Clark, *811 serves as Liquidator (“Liquidator”) of National Business Association Trust (“NBAT”) and National Business Association (“NBA”). The Liquidator appeals the district court’s determination that Andrew Glogower (“Glogower”) is entitled to a discharge in his Chapter 7 bankruptcy proceeding for payments made to him by NBA. These challenged payments consist of a $362,282.70 bonus payment (“Bonus Payment”) and a series of payments totaling $395,000 in partial satisfaction of a promissory note executed between Glo-gower and NBA (“Loan Payments”). We agree with the bankruptcy court and hold that the Bonus Payment and Loan Payments are non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(4). We therefore reverse the district court.
“[W]e independently review the bankruptcy court’s decision, without giving deference to the district court.” In re Rosson, 545 F.3d 764, 770 (9th Cir.2008). “Whether a claim is nondischargeable presents mixed issues of law and fact and is [ ] reviewed de novo.” In re Barboza, 545 F.3d 702, 706 (9th Cir.2008).
As a threshold matter, we must decide whether the Bonus Payment was properly before the bankruptcy court, as the district court did not reach this issue in its determination. Glogower argues that the issue of dischargeability with regard to the Bonus Payment was outside the scope of the Pretrial Statement and must therefore be excluded from any finding of nondischargeability. This argument is without merit. The Pretrial Statement specifically lists the Bonus Payment as a stipulated material fact and raises the issue of whether the entire “State Court Judgment” — including the Bonus Payment Judgment — is dischargeable in bankruptcy. This is sufficient to find that Glogower had notice that the Liquidator planned to present evidence with regard to the dis-chargeability of the Bonus Payment. Because we hold that the issue was properly before the bankruptcy court, we examine the issue of dischargeability with regard to both the Bonus Payment and the Loan Payments.
Section 523(a)(4) excepts from discharge a debt “for fraud or defalcation while acting in a fiduciary capacity.” We reject “[t]he broad, general definition of fiduciary — a relationship involving confidence, trust and good faith” in the bankruptcy discharge context. Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir.1986). “Instead, the fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt.” In re Lewis, 97 F.3d 1182, 1185 (9th Cir.1996). In In re Hemmeter, 242 F.3d 1186, 1190 (9th Cir.2001), we held that a fiduciary under the Employee Retirement Income Security Act (“ERISA”) is a fiduciary under § 523(a)(4).
The bankruptcy court correctly determined that Glogower was a fiduciary for purposes of § 523(a)(4) because he was an ERISA fiduciary. NBAT was an ERISA plan. Its Trust Agreement states that it was formed “consistent with [ERISA].” In prior litigation, NBAT took the position that it was an ERISA plan and the District Court for the Western District of Kentucky agreed. Nat’l Bus. Assoc. Trust v. Morgan, 770 F.Supp. 1169, 1171, 1175 (W.D.Ky.1991). Glogower also admitted in his testimony before the bankruptcy court that NBAT was an ERISA plan.
Glogower was an ERISA fiduciary of NBAT. ERISA provides that
a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or con *812 trol respecting management or disposition of its assets....
29 U.S.C. § 1002(21)(A). Glogower had total control over NBA as its chief executive officer, chairman of the board, and majority shareholder, and NBA was given a significant amount of discretionary authority over the management and asset disposition of NBAT.
We reject Glogower’s argument that because the Bonus Payment and Loan Payments were paid out of a separate administrative account they were not made in violation of his fiduciary duty. The Franklin County Circuit Court of Kentucky determined that NBAT and NBA were one and the same entity. We owe full faith and credit to this factual determination. See generally Yeoman v. Commonwealth, Health Policy Bd., 983 S.W.2d 459 (Ky.1998). Once the corporate veil has been pierced, there is no legally relevant distinction between the funds used to pay NBA and the funds used to pay beneficiaries.
The bankruptcy court also properly determined that the Loan Payments and Bonus Payments constituted defalcations under § 523(a)(4). The term “defalcation” as used in § 523(a)(4) means either the “misappropriation of trust funds or money held in any fiduciary capacity” or the “failure to properly account for such funds.” In re Hemmeter, 242 F.3d at 1190. “[N]o intent to defraud is required” to find defalcation. Id. The bankruptcy court correctly concluded that Glogower misappropriated funds he held in a fiduciary capacity by “payfing] himself when he was fully aware that the entities (NBAT/NBA) he controlled could not pay the claims due the plan beneficiaries.”
The judgment of the district court is vacated and the case is remanded with instructions to reinstate the judgment of the bankruptcy court.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.