**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: REALIA, INC.,

　　　　　Debtor,

—————————————————

NORTH AMERICAN SERVICE
HOLDINGS, INC.,

　　　　　Appellant,

　v.

ERIC M. BLACK, L.L.C.,

　　　　　Appellee.

No. 12-60029

BAP No. 11-1334

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted April 10, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant North American Service Holdings, Inc. ("NASH") seeks review of the Bankruptcy Appellate Panel's memorandum decision affirming the bankruptcy court's declaratory judgment that NASH did not hold an option to purchase a parcel of real property in Visalia, California. This court independently reviews the bankruptcy court's decision, *see*, *e.g.*, *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986), and we affirm.

Upon de novo review, we determine that the bankruptcy court had ancillary jurisdiction to interpret or to clarify its August 9, 2006 order. *See Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1135 (9th Cir. 2010). The bankruptcy court reopened the bankruptcy case for this limited purpose, and provided the parties with the requested clarification.

Turning to the merits, we review the bankruptcy court's conclusions of law de novo, and its factual findings for clear error. *See*, *e.g.*, *Hedlund v. Educ. Res. Inst. Inc.*, 718 F.3d 848, 853-54 (9th Cir. 2013). We conclude that NASH offers no meritorious basis on which to vacate the bankruptcy court's interpretation of its own prior order. Accordingly, we affirm the bankruptcy court's August 9, 2006 order, for the reasons given by the bankruptcy court.

**AFFIRMED.**