**In re STANDOR JEWELERS WEST, INC., d/b/a Schaffer & Sons Jewelers, a California corporation, Debtor.**

**SOUTH COAST PLAZA, Appellant,**

**v.**

**STANDOR JEWELERS WEST, INC., d/b/a Schaffer & Sons Jewelers, a California corporation, Security Pacific Credit Corporation, Appellee.**

BAP No. CC–90–2127–JPV.

Bankruptcy No. LA90–13627–SB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued March 20, 1991.

Submitted April 4, 1991.

Decided June 27, 1991.

Jeffrey M. Thompson, Costa Mesa, Cal., for appellant South Coast Plaza.

Diane C. Weil, Los Angeles, Cal., for appellee Standor Jewelers West.

Theodore Graham—San Diego, Cal., attorney for Sec. Pacific Credit Corp.

Before JONES, PERRIS and VOLINN, Bankruptcy Judges.

OPINION

JONES, Bankruptcy Judge:

I.

OVERVIEW

Appellant South Coast Plaza appeals the bankruptcy court determination that Bankruptcy Code section 365(f), 11 U.S.C. § 365(f), preempts a provision in a retail lease that might otherwise be valid under

state law. Appellant argues that the bankruptcy court erred by not determining whether the estate owned the appreciated value of the leasehold before applying § 365(f). We affirm.

## II.

### FACTS

On June 1, 1990 Debtor Standor Jewelers West, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. At the time, Debtor operated four retail jewelry stores including a store leased at the South Coast Plaza Mall in Costa Mesa, California. On July 30, 1990 Debtor sought to assume and assign the lease for its South Coast Plaza Store (the "Lease") and to sell the assets of the South Coast Plaza Store free and clear of liens, with liens to attach to proceeds, to Sterling Inc., an Ohio corporation ("Sterling").[1] South Coast Plaza objected to the assumption and assignment of the Lease because of debtor's alleged refusal to provide it with "adequate assurances" that it would comply with a provision in the Lease requiring the lessee to remit to the landlord 75% of the appreciation in value of the Lease as a condition to the landlord's consent to any assignment.

The bankruptcy court held that, even if the provision of the Lease allocating 75% of the value of the leasehold to the landlord as a condition of the assignment was valid under state law, that provision constituted a restriction on transfer of the lease which was preempted by and invalid pursuant to § 365(f). The court further held that the Lease was an asset of the bankruptcy estate and, as such, South Coast Plaza had no entitlement to any part of the $350,000.00 allocated by Sterling to the Covenant Not to Compete and to Intellectual Property.[2] South Coast Plaza timely appealed.

## III.

### ISSUE PRESENTED

We must determine whether a lessor's condition on transfer of a lease, providing for the lessor to be paid a substantial portion of the lease appreciation, may be held invalid under § 365(f) as a restriction on the ability of the debtor to assign its interest in a lease.

## IV.

### STANDARD OF REVIEW

The Bankruptcy Appellate Panel reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo.* Bankruptcy Rule 8013; *Ragsdale v. Haller,* 780 F.2d 794, 795 (9th Cir.1986).

## V.

### DISCUSSION

Pursuant to the Bankruptcy Code, a debtor in possession enjoys all of the rights, powers and duties of a trustee. 11 U.S.C. § 1107. Among the powers of a debtor in possession is the right to assume and assign an unexpired lease pursuant to 11 U.S.C. § 365. In order to facilitate the assignment of unexpired leases, § 365(f)(1) renders unenforceable provisions in a lease which condition or in any way restrict the assignment of the lease:

> ... notwithstanding a provision in an ... unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease....

---

1. The purchase price for the South Coast Plaza store was allocated by Sterling as follows:

| | |
|---|---|
| Accounts receivable | $200,000.00 |
| Inventory (90% or cost) | $250,000.00 |
| Furniture and Fixtures | $140,000.00 |
| Covenant not to Compete | $300,000.00 |
| Intellectual Property | $ 50,000.00 |
| TOTAL | $940,000.00 |

2. South Coast Plaza contends that debtor deprived it of its interest in the leasehold estate by

not allocating any of the purchase price to the Lease (*see* note 1, infra). Pursuant to § 10.-01(b) of the Lease, South Coast Plaza contends that the $350,000.00 allocated to intangibles is attributed to leasehold appreciation. Accordingly, South Coast Plaza claims that it is entitled to $262,500.00 of the $350,000.00 held by the debtor in the constructive trust.

11 U.S.C. § 365(f). The legislative history of § 365(f) states that contractual provisions that modify the terms of a lease upon assignment are invalid, as contrary to the rehabilitative policies of the Bankruptcy Code. House Report No. 95–595, 95th Cong., 1st Sess. 349 (1977), 1978 U.S.Code Cong. & Admin.News 5787, 6305; Senate Report No. 95–989, 95th Cong., 2nd Sess. 59 (1978), 1978 U.S.Code Cong. & Admin.News 5845.

In *In re National Sugar Refining Co.,* 21 B.R. 196 (Bankr.S.D.N.Y.1982) the court invalidated provisions in a lease which required the debtor to transfer a portion of the purchase price to the lessor.[3] South Coast Plaza attempts to distinguish *National Sugar Refining* by claiming that the court in that case misunderstood that it must first determine whether the provision validly allocated the ownership interest under state law. South Coast Plaza contends that in the instant case, the bankruptcy court erred by not initially determining who owns the property at issue: the 75% of the appreciated leasehold estate. In order to do so, South Coast Plaza argues that the court must refer to state law and the language of the Lease.

Under applicable California law, parties to a commercial lease are permitted to condition assignment of that lease upon payment to the landlord of some or all of any consideration the tenant receives upon assignment in excess of the rent provided in the lease. *See* California Civil Code § 1995.240 (1991 Supp.), *Kendall v. Ernest Pestana, Inc.* 40 Cal.3d 488, 220 Cal.Rptr. 818, 829 n. 17 (1985). However, the bankruptcy court rejected this reasoning and found *National Sugar Refining* control-

ling, concluding that because the Lease is an asset of the estate pursuant to § 541, restrictions on its transfer are invalid pursuant to § 365(f).

In *In re Howe,* 78 B.R. 226 (Bankr. S.D.1987) the court struck down a provision in an executory contract which provided that the vendor would consent to an assignment if the debtor paid a 4% assumption fee. The court stated:

> It is clear from the language of the contract that [vendor's] consent to assignment is directly conditioned on its receipt of the four percent assumption fee.... Therefore, Section 365(f)(1) governs this matter and precludes enforcement of the four percent assumption fee required in the contract for the deed.

78 B.R. at 230. The court further added that to the extent the 4% assumption fee represented "an attempt by the vendor to extract any profit realized upon the assignment of the contract ... [S]uch a purpose would frustrate the Congressional policy of assisting the debtor in realizing the equity in all his or her assets.... [and] would result in a windfall to the vendor" in contravention of Congressional policy. *Id.* at 230 n. 7.

We find this reasoning persuasive. In this case, enforcement of § 10.01(b) and (e) of the Lease will favor the Landlord by conditioning and restricting assignment of the Lease. Consequently, the enforcement of the allocation provision in § 10.01(e) would adversely affect the ability of the debtor in its rehabilitation effort in contravention of § 365(f).

---

**3.** The provision under review in *National Sugar Refining,* is virtually identical in effect to Sections 10.01(e) of the Debtor's lease with South Coast Plaza.

The court in *National Sugar Refining* stated:
The clear language of Section 36.01 of the Lease prohibits [the Debtor] from assigning the Lease without [the landlord's] consent. Section 36.02 of the Lease, which applies only to consensual assignment, provides that as a condition precedent to obtaining [the landlord's] consent to an assignment, [the Debtor] must offer to surrender the premises to [the landlord]. If [the Debtor's] offer to surrender

is refused by [the landlord] ... [the landlord] has the right to request the profits realized by [the Debtor] upon an assignment.
21 B.R. at 198.
Compare: Paragraph 10.01(e) states in pertinent part:
*As a condition to Landlord's consent to any assignment or subletting,* Landlord shall be entitled to receive, in the case of an assignment, 75% of all consideration given, directly or indirectly by the assignee to tenant for tenant's leasehold interest hereunder. (Emphasis added.)

## VI.

### CONCLUSION

Pursuant to § 365(f) of the Bankruptcy Code, a provision which conditions or restricts the ability of a debtor to fully realize the economic value of its lease upon assignment is invalid. Accordingly, the bankruptcy court order denying South Coast Plaza's claim to 75% of the appreciated value of the leasehold estate upon assignment is AFFIRMED.