**Russell ROBB, III and Leslie W. Robb, Appellants,**

**v.**

**Joseph I. SCHINDLER, Appellee.**

**Civ. A. No. 91–13266–C.**

United States District Court, D. Massachusetts.

July 7, 1992.

Jonathan D. White, White & White, Boston, Mass., for Russell Robb, III and Leslie W. Robb, the appellants.

Ann J. White, Klieman, Lyons, Schindler, Gross & Pabian, Boston, Mass., for Joseph I. Schindler, the appellee.

## MEMORANDUM

CAFFREY, Senior District Judge.

This matter is before the Court on an appeal from an October 21, 1991 ruling of the United States Bankruptcy Court, Queenan, Chief J., which denied Russell Robb, III and Leslie W. Robb's ("appellants'") motion for release of certain funds from the estate of the debtor, Outdoor Trading Co., Inc. ("debtor"). For the reasons stated below, this Court affirms the Bankruptcy Court's decision.

### I.

The relevant procedural and factual history follow. In June, 1987, the Bankruptcy Court allowed a motion of the former trustee to assume and assign a lease of commercial property owned by the lessor appellants for $150,000. The appellants assented to the assignment, but moved the Bankruptcy Court to enforce a provision of the debtor's pre-bankruptcy lease regarding the assignment proceeds. The provision, entitled "Assignment–Subleasing," reads as follows:

> The Lessee shall not assign or sublet the whole or any part of the leased premises without Lessor's prior written consent. A condition of any such assignment or subletting shall be that 80% of all rental

8. In *Pettibone,* however, the court did reconsider the merits of the application.

fees (however defined) received by Lessee (as Sublessor) over and above the rental due hereunder from time to time, shall be paid over to the Lessor as additional rent, all such payments to be due monthly. Lessor may, from time to time, require Lessee, by its incumbent President, to certify under the penalties of perjury as to the identity of any sublessee and the amount of any and all rental fees received by Lessee as sublessor. Notwithstanding such consent, Lessee shall remain liable to Lessor for the payment of all rent and for the full performance of the covenants and conditions of this lease.

Based on their interpretation of this paragraph in the lease, the appellants argued that they were entitled to eighty percent of the assignment proceeds, and moved the Bankruptcy Court to release funds from the debtor totalling $120,000.

In an order dated October 21, 1991, the Bankruptcy Court rejected this argument and denied the appellants' motion for release of funds. The Bankruptcy Court concluded that the provision in the lease between the appellants and the debtor was unenforceable against the trustee and estate under the provisions of the Bankruptcy Code, specifically 11 U.S.C. § 365(f)(1). First, the court interpreted the language in the lease provision to apply only to subletting, not assignment of leases as in this case. Next, the court discussed the clause's validity under § 365(f)(1). After briefly analyzing the scant legislative history of this subsection, the court performed a factual review of analogous cases which also interpreted § 365(f)(1). The court concluded that the provision was invalid pursuant to § 365(f)(1) because it conditioned the assignment of the lease, which "adversely affects the bankruptcy estate's realization of value from the lease." The appellants appeal this decision.

## II.

In a bankruptcy appeal, the reviewing court applies a de novo standard of review to conclusions of law by the Bankruptcy Court. *In Re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir.1991). Accordingly, in the instant case, this court must make an independent determination of the Bankruptcy Court's conclusion that the clause of the lease in question is unenforceable based on § 365(f)(1).

In its appeal, the appellant lessors focus on the Bankruptcy Court's application of 11 U.S.C. § 365(f)(1) to the instant case. They claim that the Bankruptcy Court incorrectly determined that the lease provision impermissibly burdened the assignment of the lease, arguing that the provision did not impede the trustee's actual ability to assign the property. Also, the appellants argue that, in concluding that the provision was unenforceable, the court failed to consider their losses and rights as non-debtor parties. In response, the present trustee, appellee Joseph I. Schindler ("appellee"), supports the decision of the Bankruptcy Court, arguing that § 365(f)(1) provides that anti-assignment provisions are invalid and contrary to the rehabilitative policies of the Bankruptcy Code.

Subsection 365(f)(1) of the Bankruptcy Code facilitates the assignment of unexpired leases and executory contracts by rendering restrictive clauses unenforceable. 11 U.S.C. § 365(f)(1); *see In re Standor Jewelers West, Inc.*, 129 B.R. 200, 201 (9th Cir.BAP 1991). This subsection provides that, "notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in inapplicable law, that prohibits, restricts or conditions the assignment of such contract or lease, the trustee may assign such contract or lease...." 11 U.S.C. § 365(f)(1). The plain language of this statute indicates that Congress intended to allow trustees to assign executory contracts free of clauses that restrict or condition the assignment. Although the statutory language appears clear, a review of the legislative history of § 365(f)(1) does not provide much guidance in interpreting this statutory provision. The House and Senate reports merely state, with no further explanation, that § 365(f)(1) "partially invalidates restrictions on assignment of contracts or leases by the trustee to a third party." S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5845; H.R.Rep. No. 95–

595, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6305.

Courts that have interpreted § 365(f)(1) do provide guidance to this Court, however. Courts have consistently invalidated anti-assignment clauses in executory contracts and leases because such clauses restrict the ability of the bankruptcy trustee to realize the full economic value upon assignment pursuant to § 365(f)(1). *Standor Jewelers*, 129 B.R. at 200; *In re David Orgell, Inc.*, 117 B.R. 574 (Bankr.C.D.Cal. 1990); *In re Mr. Grocer, Inc.*, 77 B.R. 349 (Bankr.D.N.H.1987); *In re U.L. Radio Corp.*, 19 B.R. 537 (Bankr.S.D.N.Y.1982); *In Re Howe*, 78 B.R. 226 (Bankr.S.D.1987); *In re Nat'l Sugar Refining Co.*, 21 B.R. 196 (Bankr.S.D.N.Y.1982). In *Standor Jewelers*, a case closely analogous to the instant case, the Bankruptcy Appellate Panel for the Ninth Circuit affirmed the lower bankruptcy court's determination that a provision in a commercial lease, requiring the lessee to give the landlord seventy-five percent of the appreciation value of the lease as a condition of assignment, was invalid pursuant to § 365(f)(1). *Standor Jewelers*, 129 B.R. at 203. In reviewing the legislative history of this subsection, the court stated that contractual conditions to assignment were "contrary to the rehabilitative policies of the Bankruptcy Code." *Id.* at 202. It further noted that enforcement of this particular provision would "adversely affect the ability of the debtor in its rehabilitation effort in contravention of § 365(f)." *Id.* The court generally concluded that a contractual provision that restricts or conditions the ability of a debtor to realize the maximum value of its lease upon assignment is unenforceable under § 365(f). *Id.* at 203.

Courts in other cases have used similar reasoning to invalidate clauses that restrict assignment of a debtor's lease or executory contract, four of which will be discussed below. In *Mr. Grocer*, a clause in the lease in question granted the landlord a right of first refusal regarding any assignment of the lease. *Mr. Grocer*, 77 B.R. at 350. The Bankruptcy Court of New Hampshire reasoned that the plain statutory language of § 365(f)(1) prohibited any lease clauses that condition or restrict the assignment of

any lease, and rendered the right of first refusal clause unenforceable. *Id.* at 352–53. Courts have also struck down use clauses in commercial leases that limit the use of the premises upon assignment. *Radio Corp.*, 19 B.R. at 544. In *Radio Corporation*, the court relied on the "clear Congressional policy favoring assumption and assignment" and allowed the assignment of a lease to an assignee who would operate the premises as a small bistro, despite the use clause in the lease limiting the use of the premises to a shop which sold and serviced televisions. *Id.* Third, courts have found provisions in long-term commercial leases that allow for an increase in rent to market rate upon assignment of the lease to be unenforceable. *David Orgell*, 117 B.R. at 574. In *David Orgell*, the court allowed the assignment of the lease without triggering the increase in rent to the market rate because such an increase would run counter to the statutory purpose favoring rehabilitation of the debtor's estate. *Id.* at 576. As a final example, the Bankruptcy Court of South Dakota held that § 365(f)(1) precludes enforcement of a four percent assumption fee provision paid for by the purchaser in a contract for deed. *In re Howe*, 78 B.R. at 230–31. In its reasoning, the court noted the clear congressional intent favoring assumption and assignment of leases and executory contracts, even though this may mean that "it may be necessary to compromise private rights which may conflict with the debtor's ability to receive the full benefit" of the sale. *Id.* at 230. These cases all reflect a clear statutory interpretation favoring maximum realization of assets of the debtor. In each instance, the courts concluded that the provisions restricting assignment were invalid pursuant to § 365(f)(1).

This Court finds this reasoning persuasive. By conditioning the assignment of the lease on an eighty percent payback to the lessor, the provision in the instant case would adversely affect the trustee's realization of value from the lease. As the foregoing cases indicate, conditioning the assignment of the lease in this manner runs counter to the congressional intent of rehabilitating the debtor's estate. As not-

ed above, it may be necessary to compromise the rights of the non-debtor party, when, as in this instance, the loss to the debtor's estate would be eighty percent of the sale price, totalling $120,000. The provision is thereby invalid, pursuant to 11 U.S.C. § 365(f)(1). Accordingly, this Court affirms the Bankruptcy Court's decision denying appellants' motion for release of funds.

Order accordingly.