In re A.J. LANE & CO., INC., Lane Homes, Inc., Fountainhead Associates of West-borough, Andrew J. Lane, Debtors-in-possession.

Peter H. McCALLION, Frank Loomis, Gregory O'Neill, William Fowler, and Richard DeLorenzo, Appellants,

v.

Andrew J. LANE, Appellee.

Civ. A. No. 92–40093–NMG.

United States District Court, D. Massachusetts.

Aug. 11, 1994.

Peter H. McCallion, Garrison, NY, for appellants.

Charles R. Dougherty, Hill & Barlow, Boston, MA, for appellee/debtor.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is the appeal of Plaintiffs/Appellants ("Appellants") from the

findings and final judgment of the United States Bankruptcy Court, District of Massachusetts entered on April 29, 1992.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 1987, Appellants incorporated Indian Hill Associates Inc. ("Indian Hill"), becoming its sole shareholders and thereafter entered into an agreement to purchase land in New York for $3,425,000. Indian Hill put $300,000 into escrow as a down payment. By agreement dated November 3, 1987 ("the November Purchase Agreement"), Appellants agreed to sell their shares in Indian Hill to debtor/Appellee, Andrew J. Lane ("Lane"), for $1,675,000, $300,000 of which was due on November 4, 1987 as a downpayment. Lane failed to make the downpayment thus putting the land sale closing and Appellants' escrowed $300,000 at risk.

On January 4, 1988, Lane and Appellants modified the November Purchase Agreement ("the January Agreement"). The parties agreed to a February 12, 1988 closing date and agreed that Lane would pay Appellants a downpayment of $375,000 upon closing, with following installments due 90 and 180 days after Lane arranged refinancing. The final $600,000 was not due (under the January Agreement) until after certain zoning/subdivision approvals were received. In addition, the January Agreement provided that Appellants:

> forever release and will bring no claims against Lane arising or alleged to arise in consequence or pursuant to or in anyway related to [the November Purchase Agreement] prior to the date hereof [ ("the Release") ].

On February 12, 1988, the closing of the land sale took place and Lane paid Appellants the downpayment agreed upon ($375,000). In late July 1988, Appellants were paid an additional $350,000, plus interest. In October 1988, when the next installment was due, Lane, Indian Hill and Appellants were engaged in litigation concerning the delay in obtaining the necessary zoning approvals for the development of the land. Lane informed Appellants that he would withhold the next installment payment until resolution of the dispute. Lane filed a petition for reorganization under Chapter 11 of the Bankruptcy Code ("the Code") on March 24, 1989.

Appellants filed an adversary proceeding against Lane in Bankruptcy Court on July 10, 1989, in which Appellants sought the imposition of a constructive trust upon certain funds allegedly held by Lane. Appellants alleged that those funds were not the property of the estate and should be paid over to the them. Furthermore, the complaint petitioned the Bankruptcy Court to deny the discharge of Lane's debt to Appellants of approximately $950,000 pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6) of the Code.

On May 17, 1990, the Bankruptcy Court allowed Lane's motion to dismiss the adversary proceeding. The Court of Appeals for the First Circuit affirmed the dismissal with the exception of Count I which it remanded for further proceedings. 937 F.2d 694. In that Count, Appellants allege that Lane obtained title to the Indian Hill shares by false pretenses, false representations and actual fraud by promising to pay a downpayment to Appellants while never having any present intention of doing so. Lane contends that he consistently informed Appellants that his performance was conditioned upon obtaining complete financing.

The adversary proceeding was tried on April 14, 1992, after which the Bankruptcy Court found that, 1) Lane did not fraudulently misrepresent his intention to comply with the November Purchase Agreement, 2) Appellants had released any such claims by a valid Release executed on January 4, 1988 and, therefore, 3) Appellants' claim is not exempt from dischargeability under Section 523(a)(2)(A) of the Code. The Bankruptcy Court dismissed the complaint by judgment entered on April 29, 1992. Appellants appeal that decision.

## II. LEGAL ANALYSIS

In reviewing this matter, this Court must follow the rule that factual determinations of the Bankruptcy Court are binding unless clearly erroneous, but its conclusions of law are to be reviewed *de novo*. *In re*

*LaRoche,* 969 F.2d 1299, 1301 (1st Cir.1992); *Robb v. Schindler,* 142 B.R. 589, 590 (D.Mass.1992). All of the Appellants' challenges are to factual findings of the Bankruptcy Court or to mixed questions of fact and law, which were made after trial based upon the Court's assessment of the credibility of witnesses and the documentary evidence presented during trial. Pursuant to Fed.R.Bankr.P. 8013, on appeal:

> findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given for the bankruptcy court to judge the credibility of witnesses.

*See also, Casco Northern Bank v. DN Assoc.,* 3 F.3d 512, 515 (1st Cir.1993); *In re Tully,* 818 F.2d 106, 109 (1st Cir.1987); *In re Corp. de Servicios Medicos Hosp.,* 805 F.2d 440, 447 (1st Cir.1986) (on appeal, the bankruptcy court's findings of fact and conclusions as to mixed questions of fact and law are binding unless clearly erroneous).

Appellants argue that Lane fraudulently represented that he intended to comply with the November Purchase Agreement and that, in any case, the Release granted by Appellants in the January Agreement should be disregarded because it was given under economic duress. In addition, Appellants argue that the cause of action, to wit, the failure to pay installments and the pattern of fraud, did not become evident until approximately ten months after the date of the Release, and therefore, is not covered by the Release.

The Bankruptcy Court rejected the argument of Appellants regarding the dates of the alleged cause of action and the Release, and this Court agrees that such argument is without merit. Appellants allege a pattern of fraud in which Lane never intended to perform the November Purchase Agreement. If the allegation is proved, the pattern of conduct began well before the date of the Release, to wit, when Lane entered into the November Purchase Agreement and failed to pay the $300,000 downpayment.

▆ This Court, therefore, turns to the merits of the appeal. To prevail on their claim in the adversary proceeding, Appellants had to prove that 1) Lane made a materially false representation, 2) which he knew was false, 3) with the intent to deceive, and 4) Appellants reasonably relied on the misrepresentation to their detriment. *See* 11 U.S.C. § 523(a)(2)(A)[1]; *In re Levitan,* 46 B.R. 380 (Bankr.E.D.N.Y.1985). In making its findings and conclusions, the Bankruptcy Court heard the testimony of Appellants, Peter McCallion and Terence Gargan, and the testimony of Robert Burgess and Lane for the defendant/appellee. The Court, after hearing all of the testimony, credited Lane's testimony and found that there was no misrepresentation, pattern of fraud or intention to deceive on his part.[2] Furthermore, contrary to the allegations of Appellants, the Court found that the Release given by Appellants was valid and not void by reason of physical or emotional duress. Moreover, and alternatively, by reason of Appellants' continued performance under the January Agreement, the Bankruptcy Court concluded that Appellants ratified that agreement. The Bankruptcy Court's conclusions are supported by the undisputed facts, the testimony and the documentary evidence which was provided to it.

After carefully reviewing the file, this Court finds that the Bankruptcy Court's findings are supported by the evidence and are not clearly erroneous. Accordingly, the findings and final judgment will be upheld.

---

1. Section 523(a)(2)(A) of the Code provides that:

   A discharge under section [1141] of this title does not discharge an individual debtor from any debt for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

2. Appellants argue that Lane's testimony considered by the Bankruptcy Court is barred by the parol evidence rule. However, the testimony in question went to the issue of Lane's intent to perform, not to the validity or enforceability of the written agreements, and is therefore not within the scope of the parole evidence rule. Moreover, even if it could be argued that the rule applied, it would not bar consideration of the testimony at issue because parol evidence is admissible with respect to the issues of fraud, illegality or other invalidating causes and to oral agreements concerning contract conditions. *Restatement (second) of Contracts,* §§ 214, 217.

**4**

## ORDER

For the foregoing reasons, the final judgment of the Bankruptcy Court is **AFFIRMED.**

So ordered.