MEMORANDUM *
On March 2, 1999, Curtis and Debra Wilber entered into a retainer with appellants Sullivan, Tabaracci & Rhoades, P.C. and the Snavely Law Firm (“the attorneys”) for representation of claims against a real estate lending company. The retainer provided that the “claims are being asserted in a class action” and described the Wilbers as the class representatives. The retainer provided, “As attorneys for the class, [the attorneys] will be entitled to a portion of any settlement or judgment proceeds.” The retainer did not specify what fees, if any, the attorneys would be owed if the class action were unsuccessful or if a court denied class certification.
During the class action proceedings, the Wilbers filed for bankruptcy. The Bankruptcy Trustee, Appellee Gary Deschenes, substituted for the Wilbers in the class action. The district court denied certification to the proposed class. The district court stated that even if there were a class, the Wilbers could not have served as the class representatives because they did not qualify as members of the putative class. See Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir.2003). The Bankruptcy Trustee then settled the Wilbers’ individual claims with the lending company for $75,000. The attorneys filed this action in an attempt to recover a percentage of this settlement as fees.
The attorneys argue that they are entitled to recover fees from the settlement of the Wilbers’ individual claims because the retainer created an express trust that required any settlements be used to benefit the putative class. As an alternative, the attorneys argue that the retainer estopped the Wilbers from pursuing their individual claims.
Neither the attorneys’ trust nor estoppel arguments are persuasive. The retainer fails to satisfy the elements of a trust. See Mont.Code. Ann. § 72-33-201 through 207; § 601 (2007). There is no evidence that the Wilbers intended to create a trust when they signed the retainer agreement, and there is no evidence that the Wilbers placed their individual claims in a trust for the benefit of the putative class. See In re Zrubek, 149 B.R. 631, 635-36 (Bkrtcy. D.Mont.1993). The retainer agreement does not unambiguously apply to the Wilbers’ individual claims, so it is unavailing for the attorneys to claim that the Wilbers promised to abandon their individual claims by signing the retainer.
The attorneys also cannot look to the terms of the retainer agreement to establish their right to a percentage of the settlement. The retainer repeatedly refers to the attorneys as the attorneys for the class and does not include any discussion of the attorneys’ representation of the Wil-bers as individuals. The attorneys may recover fees only if the retainer unambiguously gave them a percentage of the Wil-bers’ individual claims. There is no way to read the terms of the retainer to achieve that result.
We affirm the order of the district court that the attorneys are not entitled to recover from the settlement of the Wilbers’ individual claims. The district court affirmed the bankruptcy court’s order without limitation, so we also affirm the quantum meruit award to Sullivan Tabaracci *658 for work done on the Wilbers’ individual claims prior to the signing of the 1999 retainer.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.