In re JAMES E. O'CONNELL CO., INC., a California Corporation, Debtor.

Kal W. LINES, Trustee, Appellant,

v.

NORTH COAST PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 88-15403.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1989.

Decided Jan. 10, 1990.

Phillip M. Arnot, Inc., Eureka, Cal., for appellant.

Craig K. Welch, Stokes, Welch, Stromsheim & Olrich, San Francisco, Cal., for appellee.

Before NORRIS, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Kal W. Lines is the trustee of the estate of James O'Connell Co., Inc. in a Chapter 7 bankruptcy proceeding. North Coast Pro-

duction Credit Association ("PCA") is a secured creditor. The trustee appeals the district court's order affirming the bankruptcy court's order (1) denying in part the trustee's motion for reimbursement of expenses claimed to have been made for the preservation and maintenance of PCA's collateral, and (2) directing the trustee to turn over to PCA cash collateral from the sale of the debtor's personal property. We affirm in part and remand to permit the bankruptcy court to make further factual findings.

## FACTS

PCA held a first trust deed on all of the bankrupt debtor's real property and a perfected security interest in some of the debtor's personal property. The trustee has collected rent from, and sold, some of the debtor's real property. He continues to collect rent from two remaining parcels of real property.

As parcels of real property were sold, the trustee deducted the actual costs of sale and paid the remaining sales proceeds over to PCA. The trustee did not deduct any of the advances he had made on behalf of the properties. These advances were for casualty and liability insurance, repairs and maintenance and utilities. In addition, expenses have been incurred for trustee's and attorney's fees and costs in administering the debtor's estate.

When the trustee decided to sell the personal property, PCA and the trustee entered into a stipulation that if PCA's lien on the personal property was valid, a matter which the trustee disputed, the trustee would turn over to PCA the net proceeds from the sale of the personal property. The term "net proceeds" was defined by this stipulation as "the proceeds received by the Trustee after all costs of sale have been deducted from the gross sale proceeds, whether by auction, private sale or otherwise."

The trustee sold the personal property. PCA's lien was determined to be valid. PCA then sought the proceeds from the sale. The trustee resisted, claiming that he was entitled to deduct from the proceeds of the sale of the personal property not only the costs of sale as defined by the stipulation, but all of the advances he had made for what he claimed to have been the preservation of the real and personal property of the debtor's estate, together with trustee's and attorney's fees and costs.

The bankruptcy court determined that the stipulation controlled the disposition of the proceeds from the sale of the personal property, and ordered the trustee to turn over all of these net proceeds to PCA. The bankruptcy court denied the trustee's request for reimbursement of his advances and for payment of his administrative expenses, but the court authorized the trustee to repay himself from future rents from the two remaining parcels of real property the costs of insurance premiums for casualty and liability insurance on these properties as these premiums became due.

The trustee appeals. He contends he is entitled to be repaid all of his advances and administrative expenses from the proceeds of the sale of the personal property, from accrued rents, from accruing rents, and from the proceeds which will be realized when the two remaining parcels of real property are sold. The district court had jurisdiction under 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 158(d).

## STANDARD OF REVIEW

In reviewing the district court's affirmance of the bankruptcy court's order, this court reviews findings of fact under the clearly erroneous standard and reviews questions of law de novo. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986).

## ANALYSIS

■ The trustee argues that because there is only one debt secured by multiple forms of collateral, section 506(c) of the Bankruptcy Code entitles him to recover his advances and administrative expenses from any item of collateral securing the debt, including the sale proceeds of the personal property. Section 506(c) provides: "The trustee may recover from property securing an allowed secured claim the rea-

sonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c) (1979).

The trustee's contention is consistent with the language of section 506(c). As to the proceeds generated by the sale of the personal property, however, this interpretation directly conflicts with the parties' stipulation. According to the stipulation, only expenses incurred in selling the personal property are to be deducted from the gross sale proceeds. Accordingly, we affirm the district court's order denying the trustee's motion for reimbursement of his advances and administrative expenses from the proceeds generated by the sale of the personal property.

█ The trustee, however, may be entitled under section 506(c) to recover his advances and administrative expenses from other items of collateral securing PCA's loan. This collateral includes (1) the accrued rents from the properties previously sold, which rents have been deposited in an account controlled by the trustee, (2) rental income generated by the remaining two parcels of real property, and (3) proceeds to be realized when the remaining two parcels of real property are sold. The stipulation does not apply to these items. Where multiple items of collateral secure a single debt, a trustee in bankruptcy may recover expenditures made in connection with the preservation or disposition of one item of collateral from the other remaining items of collateral. *See In re Jim Kelly Ford of Dundee, Ltd.*, 14 B.R. 812, 816 (Bankr.N.D. Ill.1980).

█ In order to recover expenses under 11 U.S.C. § 506(c), however, the trustee has the burden of showing that the expenses incurred were (1) reasonable, (2) necessary, and (3) beneficial to PCA. *In re Cascade Hydraulics and Utility Serv., Inc.*, 815 F.2d 546, 548 (9th Cir.1987). Although the bankruptcy court permitted the trustee to recover the cost of ongoing insurance premiums from rents generated by the two remaining parcels, inferentially finding that the payment of this expense was reasonable, necessary and beneficial to

PCA, the court made no findings as to whether any other claimed expenses satisfy the above three requirements. If they do, such expenses are recoverable by the trustee from the other items of collateral which secure PCA's debt, namely: the accrued rents, the accruing rents, and the proceeds which will be realized when the remaining two parcels of real property are sold.

To permit the bankruptcy court to make the necessary factual findings as to whether each of the trustee's claimed expenses was reasonable, necessary and beneficial to PCA under section 506(c), and if so to determine the amount which the trustee is entitled to be reimbursed, we remand this case to the district court for remand to the bankruptcy court for further proceedings consistent with this opinion. Each party shall bear his and its own costs for this appeal.

AFFIRMED in part and REMANDED.