968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Donald Ross BANGERTER, Debtor.
Peter C. ROOTS, individually and as Trustee for the Peter C.
Roots Trust, Appellant,
v.
Donald Ross BANGERTER, Appellee.
 No. 91-55619.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 21, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Roots appeals the Bankruptcy Appellate Panel's denial of his claim brought under 11 U.S.C. § 523(a)(4) of the Bankruptcy Code. He asserts that a majority shareholder in a close corporation has a fiduciary relationship to a minority shareholder within the meaning of § 523(a)(4). We affirm.
 
 
 3
 Roots argues that Donald Ross Bangerter's acceptance of the forty thousand dollars from Dataload Inc., constituted a violation of Bangerter's fiduciary duty to Roots. Debts which arise from "fraud or defalcation while [the debtor was] acting in a fiduciary capacity" are nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(4). We construe fiduciary duty narrowly. "The broad general definition of fiduciary--a relationship involving confidence, trust, and good faith--is inapplicable in the dischargeability context." Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir.1986). The trust creating the fiduciary relationship must arise prior to the alleged wrongdoing. Section 523(a)(4) therefore only applies to statutory and express trusts. See In re Short, 818 F.2d 693, 695 (9th Cir.1987).
 
 
 4
 State law determines the existence of an express or statutory trust. See In re Pedrazzini, 644 F.2d 756, 758 (9th Cir.1981). Roots recognizes that California has not created a statutory trust for minority shareholders in a close corporation. He argues that Bangerter is subject to § 523(a)(4) because California case law establishes an express trust between majority and minority shareholders. Bangerter contends that Roots has failed to meet his burden. As reprehensible as his conduct may have been, we are compelled to agree.
 
 
 5
 In Ragsdale, we held that California partners have a fiduciary relationship covered by § 523(a)(4). Ragsdale, 780 F.2d at 796-97. We reviewed California case law to determine that an express trust existed between partners. Id. We found dispositive California's interpretation of a partner's fiduciary duty:
 
 
 6
 Partners are trustees for each other, and in all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his co-partner and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind.
 
 
 7
 Id. at 796 (quoting Leff v. Gunter, 33 Cal.3d 508, 514 (1983)). See also In re Short, 818 F.2d 693, 695 (9th Cir.1987) (Under Washington law, manager of a joint venture was a fiduciary within the meaning of § 523(a)(4)).
 
 
 8
 Bangerter relies on In re Hultquist, 101 B.R. 180, 185 (BAP 9th Cir.1989), which held that no preexisting or statutorily created trust existed between a corporate officer (and debtor) and a creditor under Washington law. The court stated that: "although the debtor may have owed a general fiduciary duty as a corporate officer under state law, no pre-existing or statutorily created trust existed at the time of the alleged wrongdoing." Id. (emphasis in original). Bangerter similarly argues that Roots has merely alleged the existence of a diffuse fiduciary duty which, under these circumstances, fails to trigger § 523(a)(4).
 
 
 9
 The California Supreme Court has held that dominant or controlling shareholders have a substantial fiduciary duty to minority shareholders:
 
 
 10
 Majority shareholders may not use their power to control corporate activities to benefit themselves alone or in a manner detrimental to the minority.... 'A director is a fiduciary.... So is a dominant or controlling shareholder or group of stockholders.... Their powers are powers in trust.... [A controlling shareholder] who is in such a position cannot serve himself first and his cestuis second....' [T]he fiduciary obligations of directors and shareholders are neither limited to specific statutory duties and avoidance of fraudulent practices nor are they owed solely to the corporation to the exclusion of other shareholders.
 
 
 11
 Jones v. H.F. Ahmanson & Co., 1 Cal.3d 93, 460 P.2d 464, 471-72 (1969) (quoting Pepper v. Litton, 308 U.S. 295 (1939)). Ahmanson remains the law of California. See Steinberg v. Amplica, Inc., 42 Cal.3d 1198, 729 P.2d 683, 691 (1986) (re-affirming the "force and broad scope" of a majority shareholder's fiduciary duty to minority shareholders); Smith v. Tele-Communication, Inc., 184 Cal.Rptr. 571, 574 (Cal.Ct.App.1982). California has not, however, established that a majority shareholder is a fiduciary over corporate assets for all purposes.
 
 
 12
 In this disputed transaction, Bangerter purported at all times to act for himself, not the corporation. Roots does not argue that Bangerter committed fraud in his capacity as majority shareholder. Had Bangerter received forty thousand dollars on behalf of the corporation, we might have reached a different result. Instead, he received payments as an individual, not an officer. California has not held that a majority shareholder is a trustee of corporate assets when acting in his individual capacity as an employee of the company. We do not decide whether Roots has another cause of action against Bangerter. We hold only that the bankruptcy court and the Appellate Panel did not err in finding an absence of a fiduciary relationship under § 523(a)(4).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3