**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. AK-13-1157-JuKuPa |
| GEORGE ELLIOTT DOCKWEILER, | Bk. No. 12-00694 |
| Debtor. | |
| DONALD RAY GASKIN | |
| Appellant, | |
| v. | M E M O R A N D U M[*] |
| WILLIAM M. BARSTOW, III, TRUSTEE; UNITED STATES TRUSTEE; GEORGE ELLIOTT DOCKWEILER, | |
| Appellees. | |

Argued and Submitted on March 20, 2014
at Pasadena, California

Filed - March 28, 2014

Appeal from the United States Bankruptcy Court
for the District of Alaska

Honorable Herbert A. Ross, Bankruptcy Judge, Presiding

Appearances:     Appellant Donald Ray Gaskin argued pro se; Harold Francis Cahill, III argued for appellee George Elliot Dockweiler.

Before:  JURY, KURTZ, and PAPPAS, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

California judgment creditors Donald and Mary Joan Gaskin (Gaskin)[1] appeal from the bankruptcy court's order denying their application to sell real property in Alaska owned by chapter 7[2] debtor, George Elliot Dockweiler.[3] For the reasons stated below, we conclude that the appeal is moot and therefore DISMISS for lack of jurisdiction.

## I. FACTS

In April 2006, Gaskin loaned $50,000 to debtor. Debtor evidently signed a promissory note which was allegedly secured by a deed of trust on a twenty-acre parcel of land in Kern County, California. The note bore interest at the rate of 14%, compounded, and was due and payable in April 2008. The documents evidencing the loan and security are not included in the record on appeal. Debtor never repaid the loan.

Gaskin asserts that debtor fraudulently sold the Kern County property in 2008 without disclosing Gaskin's lien and pocketed $120,000 in profit. Gaskin further alleges that around the same time, debtor moved to Alaska, maintaining a dual-residency status with California.

In June 2009, Gaskin filed a lawsuit against debtor in the

---

[1] Although Mary Gaskin is also a judgment creditor, our use of "Gaskin" refers to Donald since he filed the bulk of the pleadings in the bankruptcy court.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[3] The chapter 7 trustee, William Barstow, III, and the U.S. Trustee have not participated in this appeal.

-2-

Los Angeles Superior Court, alleging causes of action for breach of contract, bad faith and fraud. Gaskin obtained a judgment against debtor by default in the amount of $77,114.93 and recorded the judgment as a lien against debtor's real property located in Los Angeles County.[4] At the time of this appeal, Gaskin contends that debtor owes him more than $140,000 on the judgment.

At some point, debtor purchased real property in Port Protection, Alaska, which he co-owned with his brother. They used the property to operate a water and land touring company called Port Protection Adventures LLC. Debtor also owned a five-acre lot in Delta Junction, Alaska. Gaskin recorded the California judgment in the Petersburg Recording District where the Port Protection property was located on January 18, 2011. As a result, Gaskin asserts a judgment lien against the Port Protection property.

In a September 2012 letter from debtor to Gaskin, debtor acknowledged Gaskin's judgment lien and gave him "once chance" to settle the matter. Debtor proposed that Gaskin pay him an additional $10,000 and in exchange, debtor would transfer to Gaskin his 50% share of the Port Protection property or Gaskin could have debtor's brother buy him out. Debtor told Gaskin that he did not live on the Port Protection property anymore, did not get along with his brother, and would be filing a chapter 7 bankruptcy in October. No settlement was reached.

---

[4] It is unclear what property debtor owned in California at that time.

On November 21, 2013, debtor filed his chapter 7 petition. William Barstow, III, was appointed the trustee. Debtor listed Gaskin and his wife as unsecured creditors owed $93,296 in Schedule F. He also listed Gaskin and his wife as secured creditors holding a judgment lien against his real property in Port Protection in the amount of $93,296 in Schedule D. Debtor valued his one-half interest in the Port Protection property at $75,000. Finally, debtor listed Gaskin and his wife as secured creditors holding a judgment lien against his real property in Delta Junction in the amount of $93,296. Debtor valued the Delta Junction property at $10,000. Debtor did not dispute Gaskin's debt listed in his schedules.

Gaskin appeared and questioned debtor at the § 341(a) meeting of creditors. He also sent a letter to the trustee dated January 2, 2013, asserting that debtor's case should be dismissed on the grounds that debtor had undisclosed or under-reported assets.[5] After investigating, the trustee apparently concluded that any assets debtor owned had no recoverable value for the estate. On January 4, 2013, the trustee filed a report of no distribution and indicated his intent to abandon the assets and close the case.

Shortly thereafter, Gaskin sought relief from the automatic stay so that he could enforce his lien rights against debtor's real property. The bankruptcy court granted the unopposed motion on March 1, 2013.

---

[5] The letter did not ask the trustee to sell the Port Protection property as Gaskin asserted at oral argument.

On March 11, 2012, Gaskin filed an application to sell debtor's Port Protection property in order to satisfy his lien. The next day, debtor received his § 727 discharge.

On March 13, 2013, the bankruptcy court denied Gaskin's application to sell debtor's real property. In the order, the bankruptcy court reasoned:

> When the court lifted the stay on March 1, 2013, it realized the stay was soon about to be lifted in any event, when the debtor was granted a discharge, which happened on March 12, 2013, and the case is closed, which should happen almost immediately since the trustee said there were no assets to liquidate.
>
> Mr. Gaskin's application to sell is being denied because it is not the function of bankruptcy court to liquidate property which is being abandoned by the trustee, solely to enforce the claim of a secured creditor. This is now a private matter between Mr. Gaskin and the debtor. Nor does the matter currently involve the debtor's discharge (subject to the comments in the following bullet point, cautioning Mr. Gaskin about not violating the discharge injunction).
>
> Parenthetically, if Mr. Gaskin does not currently have a valid judgment lien, he is probably barred from asserting one at this time due to the discharge injunction, which takes the place of the automatic stay, post-discharge. I do not rule that his purported judgment lien is (or, is not) defective. A copy of the California judgment is attached to the motion for relief from stay. It was recorded in the Petersburg Recording District. AS 09.30.010 contemplates only the judgments of Alaskan or federal courts can become judgment liens. It is possible that Mr. Gaskin should have first domesticated the California judgment under AS 09.30.200, et. seq. I am uncertain if Mr. Gaskin properly domesticated the California judgment. If not, it may now be too late to get a valid judgment lien due to Mr. Dockweiler's bankruptcy discharge.

Two days later, on March 15, 2013, a Final Decree was entered and the case closed.

On March 26, 2013, Gaskin filed an application for appellate review in which he sought review of the bankruptcy

court's order denying his application to sell debtor's real property. On April 1, 2013, the bankruptcy court entered an order treating Gaskin's March 26, 2013 application as a notice of appeal. Therefore, Gaskin's appeal of the order was timely.[6]

## II.   JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We address our jurisdiction under 28 U.S.C. § 158 below.

## III.   ISSUES

Is this appeal moot? If not, did the bankruptcy court err in denying Gaskin's application to sell debtor's real property?

## IV.   STANDARDS OF REVIEW

We lack jurisdiction to hear moot appeals. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001). If an appeal becomes moot while it is pending before us, we must dismiss it. Id.

The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard, and its conclusions of law are reviewed de novo. Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir. 1986).

## V.   DISCUSSION

**A.   The Limited Scope Of Our Review**

Gaskin's March 26, 2013 application for appellate review, which was treated as a notice of appeal, refers only to the bankruptcy court's March 13, 2013 order denying his application

---

[6] On June 19, 2013, the Clerk's office issued an Order Re Mootness and Oral Argument which requested the parties to address the issue of mootness in their briefs.

to sell debtor's real property. Yet, Gaskin's opening appeal brief suggests that he is now seeking appellate review of numerous other issues; he also raises arguments not addressed to the bankruptcy court in the first instance.[7] He further seeks new relief beyond the sale order. For example, Gaskin requests that we remand the case to the bankruptcy court, reopen the bankruptcy case, and revoke debtor's discharge. This relief has nothing to do with the court's denial of Gaskin's application to sell debtor's real property to satisfy his asserted lien.

The scope of our review is limited to the issues directly on appeal and other issues either "inextricably intertwined" with the issues on appeal or those issues essential to resolution of the order on appeal. See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 45 (1995). Here, the sole issue on appeal is whether the bankruptcy court's denial of the application to sell real property was in error. In turn, the closing of debtor's bankruptcy case and simultaneous abandonment of debtor's real property under § 554(c) raises a mootness issue. Gaskin's claims regarding the trustee's alleged negligence and debtor's alleged fraud[8] are neither "inextricably intertwined"

---

[7] Based on Gaskin's pro se status, we liberally construe his pleadings and other documents. See Nilsen v. Nielson (In re Cedar Funding, Inc.), 419 B.R. 807, 816 (9th Cir. BAP 2009).

[8] The bankruptcy court sent a notice to creditors that the last day to file a complaint objecting to debtor's discharge under §§ 523 or 727 was February 25, 2013. Although Gaskin was served with the notice, at no time did Gaskin file a nondischargeability complaint against debtor, or an objection to debtor's discharge.

with the issues on appeal nor essential to resolution of the order on appeal. Likewise, whether his California judgment is entitled to full faith and credit in Alaska or was properly domesticated are issues not before us. Accordingly, we do not address or consider many of Gaskin's arguments in this memorandum.

**B.   The Appeal is Moot**

The United States Supreme Court has instructed that a case becomes moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992); see also Felton Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005) ("The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decide the matter on the merits in his favor."). We conclude that, under these circumstances, we cannot provide "any effectual relief whatever" to Gaskin even if we were to decide the matter in his favor.

**1.   Statutory Consequences of Closing**

Gaskin's appeal was rendered moot by the closing of the case and the simultaneous technical abandonment of debtor's property under § 554(c) by operation of law. On March 15, 2013, two days after the bankruptcy court denied Gaskin's motion to sell, the case closed. Relying on § 554(a), Gaskin complains that he did not get notice or an opportunity to be heard before the trustee abandoned debtor's real property. However, the trustee in this case did not file a motion to abandon the property under § 554(a), instead choosing simply to not

-8-

administer the asset and leaving the abandonment to occur at the closing of the case under § 554(c).  Upon closing, and in the absence of a court order to the contrary, property of the estate that was scheduled is abandoned to the debtor by operation of law under § 554(c) and ceases to be property of the estate.  See Diamond Z Trailer, Inc. v. JZ L.L.C. (In re JZ L.L.C.), 371 B.R. 412, 418 (9th Cir. BAP 2007); see also Hopkins v. Idaho State Univ. Credit Union ( In re Herter), 456 B.R. 455, 467 (Bankr. D. Idaho 2011) ("When a property is abandoned, it reverts to the debtor as if no bankruptcy petition had been filed.") (citing Dewsnup v. Timm, 908 F.2d 588, 590 (10th Cir. 1990)).  Even if we were to reverse the bankruptcy court's order, we are unable to fashion any effective relief for Gaskin when the property is no longer property of the estate and has reverted to debtor.

**2.    There Is No Statutory Basis For The Sale**

Although Gaskin could seek to reopen the case, "[r]evoking a technical abandonment requires more than a mere exercise of the § 350(b) reopening power."  Menk v. LaPaglia (In re Menk), 241 B.R. 896, 913–14 (9th Cir. BAP 1999) ("Property that is technically abandoned under § 554(c) is not automatically reeled back [into the estate] by virtue of reopening.").  The standard for relief from a technical abandonment is Civil Rule 60(b).[9]

---

[9] Civil Rule 60 is made applicable to bankruptcy cases by incorporation through Rule 9024.  Civil Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following
continue...

-9-

*Id.* at 914.

Assuming that Gaskin could obtain relief from the technical abandonment under Civil Rule 60(b) and the property  brought back into debtor's estate, Gaskin has pointed to no statutory authority that would allow the bankruptcy court to order the sale under these circumstances, nor could we find any.  A chapter 7 trustee may sell property under § 363,[10] but such a sale is generally for the benefit of unsecured creditors and not for the benefit of secured creditors of the debtor. *In re Gallagher*, 283 B.R. 342, 344 (Bankr. M.D. Fla. 2002); *In re Tobin*, 202 B.R. 339, 340 (Bankr. D.R.I. 1996) ("[A]dministration of assets by chapter 7 trustees, where the property is clearly over-encumbered by valid liens, in no way

---

[9]...continue
reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

[10] Gaskin's motion requested the court to order the sale. No statutory authority exists whereby a party, rather than the case trustee, may request the court to sell the property.

comports with their obligation to enhance the estate for the benefit of unsecured creditors and to expeditiously close the estate."). Moreover, when property has inconsequential value to the estate, abandonment under § 554, rather than sale under § 363, is the proper course. In re Ayer, 137 B.R. 397, 401 (Bankr. D. Mont. 1992) ("Numerous courts have recognized that where the estate has no equity in a property, and the estate is to be liquidated, abandonment will virtually always be appropriate, because no unsecured creditor could benefit from its administration.") (citations omitted). Without statutory authority to order the sale, we once again would not be able to fashion effective relief for Gaskin even if we reversed the bankruptcy court's order and Gaskin were able to obtain relief from the technical abandonment. Accordingly, this appeal is moot.

### 3. Gaskin Can Enforce Whatever Lien Rights He Has

Our conclusion on mootness does not affect Gaskin's alleged lien or state law remedies. The automatic stay is not an impediment to Gaskin's efforts to enforce his judgment lien — to the extent one exists against the real property — because the stay terminated by operation of law under § 362(c)(2)(A) when the case was closed (although Gaskin had already obtained relief by court order). Moreover, Gaskin's lien (again, to the extent it exists) passed through debtor's bankruptcy unaffected. See Dewsnup v. Timm, 502 U.S. 410, 418 (1992). Simply put, the bankruptcy court's denial of his application for a sale did not impair any substantive lien rights that Gaskin may have in the property.

-11-

In sum, due to the abandonment of the property and termination of the stay upon the closing of the case, Gaskin is free to enforce any state law lien rights he may have against the property (not the debtor)[11] as if the bankruptcy did not exist. As the bankruptcy court recognized, the enforcement of Gaskin's state law lien rights against debtor's property is now a private matter between the parties.

## VI. CONCLUSION

For the reasons stated, the appeal is moot. In this case, we need not reach the merits and DISMISS for lack of jurisdiction.

---

[11] To be clear, due to debtor's § 727 discharge, Gaskin cannot hold debtor personally liable for the debt. In addition, if for some reason Gaskin's California judgment lien was not properly domesticated in Alaska and/or his lien found invalid for other reasons, the discharge injunction under § 524 prevents Gaskin from taking steps now to perfect his lien against debtor's property.